## WILLIAM C. WAFFORD V. THE STATE.

1. THEFT OF CATTLE.—See evidence held insufficient to sustain a verdict of guilty of theft.
2. SAME.—When the recent possession by the accused of the cattle stolen was relied on as proof of guilt, and the testimony showed that the cattle were butchered by the accused at a public pen, and the hides, heads, and other evidence of their identity left exposed for a week or two, *held*, that the testimony was inconsistent with the guilt of the accused.
3. WITNESS—GENERAL CHARACTER.—In impeaching a witness by proving his bad character for truth and varacity, such character must be notorious in his neighborhood; and while the proof may be made by one witness, still in weighing the evidence the production of but one witness would not ordinarily be satisfactory.
4. VENUE.—Where cattle stolen were last seen near the county line, and the evidence of their appropriation was, their being found in an adjoining county, on proof of the theft, the jury could presume that the cattle were taken from the county where last seen.

APPEAL from the Criminal District Court of Waco. Tried below before the Hon. N. W. Battle.

*John L. Dyer,* for appellant.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—The defendant, being convicted for the theft of two oxen, moved for a new trial, upon the ground that the verdict was contrary to the law and the evidence, the overruling of which is assigned as error in this court.

The evidence of the defendant is just such as an innocent man might be expected to produce if he had bought the oxen as he said he did. He left the hides and heads of the animals at the slaughter-pen without concealment, and exposed to the view of any and all persons who might come there; and they had been there for a week or two as may reasonably be inferred. That is quite inconsistent with the fact that he had gone only four or five miles into

another county, and driven the oxen to his pen, and slaughtered them as stolen property. His conduct, when told that he must account for the oxen, in explaining how he got them, and in producing the bill of sale from amongst his papers in a trunk, in the presence of the witnesses, was prompt, open, unequivocal, free from the prevarications and inconsistences that are usually practiced by detected thieves when accused of theft.

The witness for him makes a plain, direct statement of the facts, intrinsically consistent and not improbable, and contradicted in no particular except in the date of the sale of the oxen and of the bill of sale, which he says was on the 5th of December, 1874, giving a plausible reason why he knew it was on the 5th, from the fact that reference was then made to the almanac in dating the bill of sale. E. S. Powell, the owner, last saw the oxen about the 1st of December, and his son, J. H. Powell, said that he last saw them in the range about the 8th of December, but fixes upon no circumstance why it was about the 8th of December. One of the State's witnesses said he saw the hides and heads on the 22d of December, and they looked like the animals had been killed one or two weeks.

Is there such an inconsistency in the time "about the 8th" and "the 5th" of December, with no fact developed to fix the time as certainly the 8th of December, (when the oxen were last seen in the range,) sufficient to establish to a moral certainty that the oxen were still in the range in McLennan county on the 5th of December, when, defendant's witness says, they were sold to him, the defendant, in Falls county. To this discrepancy must be added that this witness for defendant had been there but a short time, and his reputation for truth and veracity was impeached by the evidence of one witness, in substance and manner weakly. He was a person in humble condition of life, comparatively a stranger, and a hired hand, working for defendant, and if in so short a time he had arisen above the obscurity of his

position, so as to have had a reputation in the neighborhood for truth and veracity of a character so base as that he should not be believed on oath, surely more than one of his neighbors should have been produced on the stand to prove it.

The disqualifying fact, from its nature, must be notorious in the neighborhood, and though it may be proved by one witness, as the law does not fix any required number, still, in weighing the evidence, the production of one witness only to prove such a fact would not usually be satisfactory, because the attempt to establish such a fact by one witness alone is not usual in practice. One witness on a subject may confuse the mind as to what to believe, whereas two or three or four others concurring may confirm the matter and give belief a sure foundation to reject the evidence of the disqualified witness from the case. No explanation is given why more evidence on that subject was not offered.

None of the witnesses testify to the fact that defendant ever had possession of the oxen in McLennan county. That necessary fact is established, if established at all, by presuming that the defendant went four or five miles from home, into the range where the oxen usually ran, and there took possession of them in McLennan county. This presumption might possibly be fairly indulged if the well-established circumstances connected with his possession of them in Falls county had indicated with reasonable certainty that he had stolen them. On that subject let it be supposed that the discrepancy in the dates between "the 5th" and "about the 8th" of December and the attack upon the credibility of the defendant's witness shall be given their full force towards the establishment of the fabrication of the bill of sale, which, if consistent with all the other facts, they might do, still there is the stubborn fact, well attested, that for one or two weeks there lay the hides and the heads in and at the butcher pen, in open view, not concealed, not disfigured, with the brands still on the hides

and the holes in the horns, he selling beef to his neighbors and living within four or five miles of the owner of the oxen, which is very inconsistent with the fact that he went that distance of four or five miles and stole the oxen from their range there in McLennan county, and weakens the presumption that he did it to a degree below a reasonable probability. For if he had relied upon his bill of sale to shield him from punishment, he must have known that it would not save him from damage in a civil action, if it was found out that he had appropriated the oxen of a man who lived less than five miles from him, who would likely hunt after them soon in the butcher pens of the country and neighboring towns, as is the well-known custom of searching for such stock lost or suspected to have been stolen; and it would have been a remarkable want of prudence in the weakest of sane men not to have resorted to some caution or concealment in order to avoid responsibility and trouble.

On account of the uncertain tendency, as well as the deficiency in the weight of the evidence, as presented in the record before us, the motion for a new trial should have been sustained, and for the error of the court in overruling it, the judgment is reversed and the cause remanded.

Reversed and remanded.