### NED BUTLER v. THE STATE.

1. IMPEACHING EVIDENCE. — Bad character for truth, to be a disqualifying fact, must be notorious in the neighborhood of the witness' residence, and, therefore, be provable by more than one discrediting witness; and, although the law does not require a number of discrediting witnesses, yet the production of but one is not usual in practice, nor likely to be satisfactory.

2. CHARGE OF THE COURT. — No rule of law authorizes a court to instruct a jury to discard testimony which they consider improbable or untrue. Intimations by the court of any opinion upon the weight or the credibility of evidence infringe upon the province of the jury.

3. EVIDENCE. — See the opinion for proof of the ownership of a stolen animal which is held inconclusive, and also objectionable because it implies the existence of better evidence not adduced or accounted for.

APPEAL from the District Court of Anderson. Tried below before the Hon. T. B. GREENWOOD, Special Judge.

The opinion discloses the case.

*L. W. Moore* and *Ed. Smith*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. On the trial it was attempted to impeach the chief witness for the defendant by the testimony of the prosecutor, and chief witness for the state, as to his character and reputation for truth in the neighborhood in which he lived. No other witness was examined upon this point.

The witness was in an humble condition of life, and, as was said by Chief Justice Roberts, in *Wafford* v. *The State,* " If he had risen above the obscurity of his position so as to have had a reputation in the neighborhood for truth and veracity of a character so base as that he should not be believed on oath, surely more than one of his neighbors should have been produced on the stand to prove it. The disqualifying fact, from its nature, must be notorious in the neighborhood, and, though it may be proved by one witness (as the law does not fix any required number), still, in weighing the evidence, the production of only one witness to prove such a fact would not usually be satisfactory, because the attempt to prove such a fact by one witness is not usual in practice. One witness on a subject may confuse the mind as to what to believe, whereas two, or three, or four others, concurring, may confirm the matter, and give belief a sure foundation to reject the evidence of the disqualified witness from the case. No explanation is given why more evidence on that subject was not offered." 44 Texas, 439.

The charge of the court to the jury contained this instruction : " If the testimony in the case is conflicting, it is your duty to reconcile such conflict if you can ; and the jury may believe or disbelieve the testimony of any witness or of any witnesses who have testified before you, whether impeached or not."

A similar charge was given in the case of *Searcy* v. *The State*, where it was said by this court: " We do not feel called upon to say more upon this portion of the charge than that there is no rule of law which would authorize a court at any time to instruct the jury that they should discard from their consideration a part, or the whole, of the testimony of any witness which they may regard as improbable or untrue, and find their verdict upon such testimony as they regard as true and worthy of credit." 1 Texas Ct. App. 440, citing *Monroe* v. *The State*, 23 Texas, 230 ; *Rideus* v. *The State*, 40 Texas, 200 ; and *Bishop* v. *The State*, 43 Texas, 394.

"A charge to a jury is perfectly unexceptionable only when the judge confines himself to the duty of setting forth the law applicable to the case, without either expressing or intimating any opinion as to the weight of the evidence or the credibility of statements made by the party accused or the witnesses. The line which separates the province of the judge from that of the jury is oftentimes shadowy and difficult to be traced. But, inasmuch as the Legislature has committed to the jury the right to exercise their independent and unbiased judgment in determining upon facts, and has denied to the judge the right to comment upon the facts in evidence, the courts should exercise the greatest care in framing instructions to juries, so as not to violate in the least degree the spirit of the law on this subject." *Ross* v. *The State*, 29 Texas, 499.

In addition to the objections to the charge above indicated, when the evidence as sent up in the statement of facts is considered, we are of opinion that it is not of that conclusive and satisfactory character which might have been attained, with regard to the ownership of the animal as alleged in the indictment. The substance and extent of it is mainly contained in the following statement copied from the testimony of Daniel Wagoner, the alleged owner and

principal state's witness. He says "his mark is a crop and split and underbit in each ear, and his brand a mule-shoe. Witness gave no consent to any person to take the beef or yearling in controversy. Witness could not state that he had ever seen the yearling in controversy; may have seen it when a calf, but could not say he had, only from hearsay. The yearling of a cow that was milked by Mrs. Hughes, by witness' consent, in the year 1875, and which suits the age of the yearling in controversy, is missing, and has been since the yearling in controversy was taken."

Now, if the yearling was one and the same animal, as supposed by this witness, it does appear to us that fact could have been established by the testimony of Mrs. Hughes, or some other witness who was acquainted with, and milked, its mother in 1875, testifying to the flesh-marks and the fact as to its being marked in Wagoner's mark, without being branded, together with other facts of identity. In other words, the testimony as elicited presupposes the existence of other and better evidence than that upon which the conviction was had. *Porter* v. *The State*, 1 Texas Ct. App. 394; *Kelly* v. *The State*, 1 Texas Ct. App. 628.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*