Ivy Clay v. The State.

No. 5343.  Decided April 2, 1919.

**1.—Theft of Automobile—Requested Charge—Possession.**

Where, upon trial of theft of an automobile, the court's main charge sufficiently presented the issue, as far as the court can judge in the absence of a statement of facts, with reference to the possession of the alleged stolen property, there was no reversible error.

**2.—Same—Evidence—Circumstances—Practice on Appeal.**

Where, upon trial of theft of an automobile, certain articles which were found therein in defendant's possession at the time of his arrest were brought into the courtroom, and the State's witness during his examination exhibited some of them before the jury, and identified them as parts of his automobile, and some found therein, the court is not able to discover error, in the absence of a statement of facts; besides, the defendant accepted the bills of exception as qualified by the judge.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe, judge.

Appeal from a conviction of theft of an automobile; penalty five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of an automobile alleged to be the property of N. S. Williams.

The motion for new trial complains of many rulings of the court with reference to the introduction of testimony, and the failure of the court to give certain requested instructions. Bills of exception were reserved to the ruling of the court with reference to the refusal to give requested instructions, and to the introduction of facts in reference to certain things found in the possession of appellant, testified by the alleged owner Williams.

The first and second bills of exception were reserved to the refusal of the court to give, first, an instruction that the defendant could not be convicted unless the jury should believe, beyond a reasonable doubt, that defendant was present or in a position to aid or assist and did take or aid and assist in the original theft of the automobile, although they might find that he had possession of parts of the alleged stolen vehicle.

The second requested instruction asked the court to direct the jury not to consider any testimony with reference to property found in possession of defendant, if any, that was not claimed to be the property of prosecuting witness Williams.

The court charged the jury with reference to the general law of theft, that unless they should believe appellant took the property they should find him not quilty. He then gave a charge on circumstantial evidence; and specifically charged the jury that unless they should find, beyond a reasonable doubt, that defendant committed the theft, they should acquit; and further charged the jury that if the evidence raised in their mnds a reasonable doubt as to whether appellant came in possession of the articles introduced in evidence, and which the witness N. S. Williams testified belonged to him, the said Williams, by having purchased the same, either separately or in connection with the purchase of other property, or by having the same left with him by some person from whom he had purchased property, as testified to by the defendant, then they should acquit. We are of opinion, in the absence of the testimony, and in the manner the charge was given, that this is a sufficient presentation of the issues; at least, without the facts before us, we are unable to ascertain whether it was necessary to give the requested instruction or not. It seems from the charges, and from some of the bills of expection, which will be mentioned later, that the theory of appellant was, that he did not take the property, but purchased or received it after it was stolen, and was an innocent purchaser. As the record is presented we are unable to say that there was error in the action of the court, either in the charge given, or in refusing special instructions.

Appellant also asked the court to instruct the jury not to consider any testimony with reference to property found in possession of defendant, if any, that was not claimed to be the property of

9—85 T. C. R.

prosecuting witness Williams. Without the facts, the same may be said of this charge as of those mentioned.

Another bill recites that while the witness Williams was testifying there was exhibited before th jury an automobile jack and bolt shears which Williams testified were found in the possession of defendant at the time of his arrest, and that Williams was permitted to demonstrate before the jury the use of said articles, explaining how these articles worked and showing that with them an automobile could be easily dismantled. To the exhibition of these articles before the jury appellant urged exception, on the ground that it was not shown by the evidence that the auto jack and bolt shears were the property of Williams, nor that same were in his automobile at the time it was stolen; and further, that there was no evidence to show that these articles were stolen either from Williams or anyone else. The bill also recites that the witness testified the auto jack and bolt shears were found in appellant's possession at the time of his arrest; and further recites that there was no evidence showing that these articles were stolen. Another bill was reversed which recites that there were brought in the courtroom, so that same could be seen by the jury, grass sacks containing divers and numerous articles the nature of which was not disclosed, and which articles were not shown by the testimony to have been the property of Williams, the alleged owner, nor were they shown to have been stolen articles. The appellant thereupon urged various objections. The court signs this bill with the statement that the sacks in question contained only articles in the automobile in defendant's possession at the time of his arrest. That the sacks, under the court's instructions, were placed on the side of the clerk's desk opposite to the jury, and were not exhibited to the jury and were not in sight of the jury. The witness Williams, during his examination, did go to said sacks and take therefrom certain articles which he said were parts of his automobile when same was stolen and were in his automobile at the time it was stolen, and certain other articles similar to articles which were parts of his automobile and were in his automobile when same was stolen but which he did not positively identify as his property.

As these two bills are presented, in the absence of the statement of facts, we are unable to discover any sufficient reason why the judgment should be reversed. If the property mentioned was owned by Williams, it was legitimate to prove that fact. It seems from the bill Williams' automobile was dismantled after being taken, and these articles were found in possession of appellant. If there were other articles found in connection with Williams' testimony, and brought before the jury for the purpose of showing how the automobile might be dismantled, this was legitimate and proper. There seems to have been no contention that appellant

might be convicted for the theft of any of those articles, but those that were taken from the dismantled car of Williams were used as some of the circumstances to show the taking and the fraud in taking the car, and in dismantling it. These were but circumstances which tend to identify Williams' car by showing they came from it after it was stolen. This was proper and legitimate testimony. Whether it was proper or not for Williams to have some of these instruments mentioned before the jury to enlighten the jury as to how the car was taken apart and dismantled, we are unable to decide without the facts. It may have been legimate to introduce this character of evidence, and several reasons might, be suggested why this could be true, but in the absence of the facts and as the bills are presented, we do not believe there was any such error manifested as would require this court to reverse. All the facts which might be necessary, or the connecting facts which justified the court's ruling, will be supposed to have existed, in the absence of a showing to the contrary. The appellant accepted the bills of exception as qualified by the judge, and does not send to this court a statement of the evidence.

In the condition of the record, therefore, we are of opinion there was no error shown, and the judgment should be affirmed.

*Affirmed.*