SAM TILLMAN v. THE STATE.

No. 5910.   Decided October 20, 1920.

**1.—Theft—Evidence—Res Gestae.**

Where upon trial of theft the bringing of a bottle of whiskey to the party injured was so intimately connected with the transaction as to be part of it, its admission in evidence was not improper, although at the time it was not an offense to transport liquor. Following Walling v. State, 55 Texas Crim. Rep., 254, and other cases.

**2.—Same—Evidence—Circumstantial Evidence—Arrest—Confession.**

Upon trial of theft of money there was no error to show the delivery of the stolen money to the party injured by the woman who acted with defendant, and defendant's declarations with reference thereto, he not being shown to have been under arrest at the time.

**3.—Same—Presumption—Evidence—Declarations of Defendant—Bill of Exceptions.**

Where, it was not disclosed by the bill of exceptions that the defendant was under arrest or in custody when he made the declarations with reference to the offense, there was no reversible error. Following Manning v. State, 51 Texas Crim. Rep., 214, and other cases.

**3.—Same—Allusion to Defendant's Failure to Testify.**

Where it was not affirmatively shown that defendant did not testify, or that there were other witnesses present, the remarks of State's counsel that no one had denied that the defendant said he did it, was not an allusion to defendant's failure to testify. Following Ross v. State, 40 Texas Crim. Rep., 253, and other cases.

**5.—Same—Circumstantial Evidence—Charge of Court.**

The confession of defendant being definite, it was not incumbent upon the court to charge upon the law of circumstantial evidence. The facts justified a charge on principals. Following Smith v. State, 28 Texas Crim. App., 315, and other cases.

Appeal from the Criminal District Court No. 2, of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of theft; penalty, four years confinement in the penitentiary.

The opinion states the case.

*M. L. Littleton* and *John T. Spann*, for appellant.—On question of admitting testimony with reference to a bottle of whiskey: Davenport v. State, 89 S. W. Rep., 1079; Bowman v. State, 155 id., 939.

On question of declarations of co-conspirator: Guinn v. State, 45 S. W. Rep., 694; Wright v. State, 37 Texas Crim. Rep., 627; Dawson v. State, 222 S. W. Rep., 557.

On question of declarations of defendant while under arrest: Owens v. State, 16 Texas Crim. App., 448; Clayton v. State, 31 Texas Crim. Rep., 489; Brown v. State, 55 id., 572.

On question of presence of defendant when declarations of co-conspirator were made: Thomas v. State, 32 S. W. Rep., 771; Bozeman v. State, 215 id., 321.

On question of argument of counsel: Washington v. State, 8 Texas Crim. App., 944; Crow v. State, 33 Texas Crim. Rep., 264; Brazell v. State, 33 id., 333; Flores v. State, 129 S. W. Rep., 838.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of *res gestae*: Watts v. State, 75 Texas Crim. Rep., 330; Walling v. State, 55 id., 254.

On question of allusion to defendant's failure to testify: Gatlin v. State, 163 S. W. Rep., 428; Coffman v. State, 165 id., 947; Beason v. State, 208 id., 164.

On question of charge on circumstantial evidence: Cleveland v. State, 82 Texas Crim. Rep., 439.

MORROW, JUDGE.—The appellant was convicted of theft, and punishment fixed at confinement in the penitentiary for four years.

The injured party, Holloway, occupying a room in one of the hotels at Dallas, rung for a bellboy. The appellant responded, and was requested by Holloway to bring a woman to his room, and also some sandwiches, a bottle of milk, and a pint of whiskey. Holloway gave appellant some money which he took from between the mattresses, where he had a roll of money containing about $900. Appellant returned with the articles named, accompanied by the woman. She remained for a time. Appellant returned, and he and the woman left together. Soon after, Holloway missed his money. He found the appellant in the lobby of the hotel, and was told by him that he did not have the money, but he accompanied Holloway to the woman's room, where she surrendered part of it, together with a diamond which was taken at the same time. Later, the appellant admitted to Holloway that he had taken the property.

It is not clear that under the law in force at the time there was any offense committed in securing the whisky for Holloway. Even if it was otherwise, we think that it was so intimately connected with the transaction as to be part of it, and to render its admission in evidence not improper. Walling v. State, 55 Texas Crim. Rep., 254; Watts v. State, 75 Texas Crim. Rep., 330.

The delivery of the money to Holloway by the woman when appellant conducted Holloway to her room was properly admitted. At the time that the appellant told Holloway that he had taken the property, he is not shown to have been under arrest and in custody, nor are any circumstances developed, we think, which rendered his declaration inadmissible in the absence of warning. Certainly no such conditions are disclosed by the bill of exceptions, and we must presume the ruling of the trial court correct unless the contrary appears from the bill of exceptions. Manning v. State, 51 Texas Crim. Rep., 214; Williams v. State, 53 Texas Crim. Rep., 3; Branch's Ann. Texas Penal Code, Section 62.

The bill complaining that State's counsel in his remarks made an indirect reference to the appellant's failure to testify, when he used the language "He took the negro in the woman's room and he then and there said: 'Yes, I did it.' No one has denied this. Now, how are you good men going to say Mr. Holloway is not telling the truth," does not show error, for the reason among others that it does not affirmatively show that appellant did not testify, nor negative the fact that there were others present. Ross v. State, 40 Texas Crim. Rep., 353; Branch's Ann. Texas Penal Code, Section 209 and 210. Moreover, we gather from the statement of facts that at the conversation which took place in the woman's room there was a policeman present. If this is a correct interpretation of the evidence, then the jury could have drawn no such inference as that contended for. Pickrell v. State, 83 Texas Crim. Rep., 68; Ethridge v. State, 74 Texas Crim. Rep., 634. We note also that it appears affirmatively from the statement of facts that the confession of the appellant was not made in the woman's room, but was made later, and at a different place, whether while they were alone not being disclosed.

The confession of the appellant being definite, it was not encumbent upon the court to charge upon the law of circumstantial evidence. Smith v. State, 28 Texas Crim. App., 315; Branch's Ann. Texas Penal Code, Section 1874.

The facts, we think, were such as to justify a charge on the law of principals.

From what has been said it follows that the judgment should be affirmed.

*Affirmed.*