## O. L. MARTIN v. THE STATE.

### No. 7916. Decided June 29, 1923.

#### Rehearing denied November 28, 1923.

1.—Theft—Evidence—Other Transactions.

Where the testimony showed apparently that the roadster in question had on it many of the parts of the alleged stolen car, the State had the right to follow up the roadster so apparently found in the joint possession of the defendant and his companion, by showing that said roadster was turned over to the Texas Railroad Commission.

2.—Same—Circumstantial Evidence—Other Offenses.

The effect of testimony showing that the numbers on the roadster had been changed would be to show circumstances that it also was a stolen car, and there was no error under the rule that along with the possession of the stolen property are found the fruits of another theft.

3.—Same—Evidence—Other Transactions.

Where the evidence admitted could not have injured the defendant, and some of the matters set out in the bill of exceptions were not in fact made the subject of any exception, there is no reversible error.

4.—Same—Rehearing—Defensive Theory—Evidence.

Where the defensive theory was the purchase of the touring car, it was relevant for the State to show that the steering wheel and some of the tires which were on the touring car when recovered, were a part of the roadster which was stolen. Following Clay v. State, 85 Texas Crim. Rep., 128, and other cases.

5.—Same—Evidence—Other Transactions.

Where there was evidence received without objection that the roadster was stolen the mere fact that it was also shown that it was delivered to the Railroad Commission, if not relevant, was not important; nor was the proof that other cars were taken.

Appeal from the District Court of Stephens. Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of theft of the value of over fifty dollars; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Will R. Saunders, E. C. Gaines,* and *King & York,* for appellant.

*Tom Garrard,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Stephens County of theft of property of the value of more than fifty dollars, and his punishment fixed at five years in the penitentiary.

A comparatively new Ford automobile of the value of more than five hundred dollars was taken from the possession of its owner on September 22, 1922, and according to the contention of appellant was purchased by him on February 27th following, the purchase being from some stranger to appellant. He testified on the trial that he so purchased said car and produced a bill of sale and witnesses thereto. The legal questions involved were submitted to the jury so fairly that the record contains no exceptions to the charge of the court. When the car was found either in the latter part of September or early part of October in the possession of appellant, he and a man named Hays were jointly occupying a shack. Behind the shack was parked the car in question and a roadster found later to belong to employees of the Texas Railroad Commission. The casings, spot light and steering wheel of the alleged stolen car were found on said roadster and parts of the roadster were found on the alleged stolen car. The numbers of both cars had been changed.

Appellant's bill of exceptions No. 1 complains that the State was allowed to show that said roadster was turned over to the Texas Railroad Commission. We are unable to perceive any injury to appellant from this testimony in view of the fact that the testimony showed apparently that the roadster in question had on it many of the parts of the alleged stolen car, and we think the State had the right to follow up the roadster so apparently found in the joint possession of the two men.

The effect of testimony showing that the numbers on the roadster had been changed, would be to show by circumstances that it also was a stolen car. There is nothing in the record, except the statement of Hays made at the time, which rebuts the fact of possession of the roadster also by appellant. It has always been held permissible to show as a guilty circumstance, that one on trial for theft, has in his possession along with the property, the fruits of the theft in question, other stolen property taken about the same time. There is a bill of exceptions complaining that the witness Casey was permitted to state that he took other cars with him to Graham on the same night that he recovered the roadster and the alleged stolen car in this case. There is no evidence showing that said other cars were stolen. While the evidence would seem to be of no relevancy, we are unable to perceive how it could have injured appellant. The same is true of the testimony of the witness Casey that he told Mr. Copeland to exchange any of the parts on the roadster and the alleged stolen car. The trial court certifies that the matter set out in bill of exceptions No. 5 as objected to, were not in fact made the subject of any objection or exception.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

November 29, 1923.

MORROW, PRESIDING JUDGE.—The stolen five-passenger Ford car was found near a shack occupied by the appellant and Hays, and apparently occupied by no one else. A Ford roadster was also found nearby. The factory numbers upon each of the cars had been changed, also the license and seal numbers. The steering wheels and part of the tires on the two cars had been interchanged, and a spotlight which had been on the five-passenger car was found on the roadster. Appellant claimed the ownership of the five-passenger car and Hays claimed the roadster, and each exhibited a bill of sale.

Appellant's defense was the purchase of the touring car. To meet this defense, it was relevant to show that the steering wheel and some of the tires which were on the touring car when recovered, were parts of the roadster which was stolen. These facts brought the appellant into the possession of a part of the stolen roadster and tended to. rebut his defensive theory and evidence to the effect that he was an innocent holder by purchase of the touring car. Clay v. State, 85 Texas Crim. Rep., 128; Berry v. State, 87 Texas Crim. Rep., 559; Tillman v. State, 88 Texas Crim. Rep., 10, 225 S. W. Rep., 165. From the relation of the appellant and Hays to the cars and to each other and the condition in which the cars were found with the interchanged parts and altered numbers the inference was deducible that the appellant and Hays were acting together. There was evidence received, without objection, that the roadster was stolen, and the mere fact that it was also shown that it was delivered to the Railroad Commission, if not relevant, was not important.

As qualified, the bill complaining of the proof that other cars were taken by the officers to Graham that night reveals no error, it appearing from the qualification that there was no evidence that the other cars were stolen cars.

The motion for rehearing is overruled.

*Overruled.*