## RAY TRAVELSTEAD V. THE STATE.

### No. 9992.    Delivered June 9, 1926.

#### 1.—Rape—Evidence—Res Gestae—Properly Admitted.

Where, on a trial for rape, the state was permitted to prove by prosecutrix that appellant had tried to induce her to drink some whiskey. This act of appellant was so closely connected with the assault as to be a part of the transaction, was res gestae and properly admitted.

#### 2.—Same—Impeaching the Defendant—Held Proper.

There was no error presented in permitting the state on cross-examination of appellant, testifying as a witness in his own behalf, to prove by him that he had been charged with the theft of an automobile, and with swindling by means of "hot checks" in Oklahoma. Such cross-examination has long been recognized as proper for the purpose of impeaching any witness.

#### 3.—Same—Cross-Examination of Appellant—Held Proper.

Where prosecutrix had testified that appellant, before making the assault, had stated to her that he had been out with lots of girls, and that she had to "come across," there was no error in permitting the state, on cross-examination of appellant, to ask him if it was not his purpose to have sexual intercourse with girls whom he carried out, and especially so where the question as here presented was answered in the negative.

#### 4.—Same—Cross-Examination—Harmless Error.

Where it is not proper cross-examination of any witness who has denied a matter inquired of, to ask him if he would not have denied the matter, even though true. Such questions are argumentative, but in the instant case no injury appears to have been done appellant, in such improper cross-examination.

#### 5.—Same—Charge of Court—On Defensive Theory—Held Sufficient.

Where appellant complains that the charge of the court presenting his defensive theory is not sufficient, and it appears from the record that the court gave five special charges requested by appellant, presenting these issues in a manner more favorable than he was entitled to, we cannot agree that this criticism of the court on its charge is well taken.

Appeal from the District Court of Wheeler County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction of rape, penalty five years in the penitentiary.

The opinion states the case.

*M. Reynolds* of Shamrock, Texas, and *C. C. Small* of Wellington, Texas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the District Court of Wheeler County of rape, punishment fixed at five years in the penitentiary.

The testimony shows that appellant and one Waldo took two young women out in a Ford roadster on the occasion in question. The testimony shows that appellant and his companion acted together in their efforts to have carnal intercourse with the two girls and is replete with facts and circumstances showing that said companion aided and encouraged appellant in his assault on prosecutrix herein. Both girls swore that the men tried to get them to drink whiskey before the assault. At once upon reaching home prosecutrix reported the assault to her mother, who examined her and found her condition such as to corroborate the report made. The occurrence was Friday night and on the Monday following the young woman was examined by a doctor who said he found laceration and "considerable congestion and irritation of the vaginal tract, and there was a somewhat swollen condition." He also said that he examined the girl's private parts with a speculum and discovered that there was a secretion about the mouth of the womb, which was streaked with blood and mucous.

Bill of exceptions No. 5 sets out a half page of the testimony of the young woman who accompanied prosecutrix, who swore to the various acts and conduct of appellant and his companion, among other things, efforts to induce her and prosecutrix to drink some whiskey. We apprehend the objection to this testimony is to "any transaction as to any whiskey" on the ground that it was a separate and distinct offense. Facts showing the commission of a crime other than the one directly charged, if part of the res gestae and aiding in the development of the transaction, are admissible. Tinker v. State, 94 Tex. Crim. Rep. 205; Id. 226, and authorities collated in Branch's Annotated P. C., Sec. 166.

We are not in accord with the complaint set out in bill of exception No. 10 urging that the court abused its discretion in regard to allowing the District Attorney to cross-examine appellant as to his past criminal career, and to ask him if he had not been charged with felonies in various states. Appellant under

such cross-examination finally admitted that he had been charged with the theft of an automobile, and with swindling by means of hot checks in Oklahoma. While some of the questions asked were in a sense repetition, we do not think any of them manifestly improper, and the testimony finally elicited was pertinent.

Prosecutrix swore to continued threats and efforts of appellant to have intercourse with her before he finally committed the assault, which is made the basis of this prosecution; also that he told her he had been out with lots of girls and that she had to "come across." We think there was no error in allowing the state on cross-examination of appellant to ask him if it was not his purpose to try to have sexual intercourse with girls whom he carried out. Appellant answered the query in the negative.

The inquiries made of appellant on cross-examination as to where he got the whiskey had by him on the night of the alleged rape, and upon his denial of having same, the action of the State's Attorney in asking him if it was not true that if he had had it he would have denied it, while argumentative and improper, it does not seem to us of any great materiality or at variance with the rights of the accused.

Appellant asked five special charges, all of which were given, and these with the main charge seem to fully cover all theories finding support in the testimony. Appellant argues at length that the main charge of the court did not sufficiently present his defensive theory that the intercourse was upon the implied consent of prosecutrix. Examination of special charge No. 2, which was given, discloses that the court not only told the jury that they must believe beyond a reasonable doubt that the carnal act was without the consent, either expressed or implied, of the prosecuting witness, and that the act was actually accomplished by means of force and threats, which were of such a nature as to make it reasonably impossible for the prosecuting witness to resist the defendant, and unless the jury so found and believed beyond a reasonable doubt, they should acquit. This charge was more favorable to appellant than he was entitled to, and effectually disposes of his contention now before us.

The reputation and character of the young lady in question was vigorously assailed and as vigorously defended. The settlement of fact issues is primarily for the jury, and we believe there is abundant evidence in this record to justify them in their conclusion.

The judgment will be affirmed.                    *Affirmed.*