## J. W. Coleman v. The State.

No. 11917.   Delivered October 31, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for one year and three months.

Operating under a search warrant officers discovered in appellant's room approximately four gallons of whiskey. Appellant was in the room at the time the search was made.

Bill of exception Number 1 complains of the admission of the testimony of the officers, the ground of objection being that the affidavit upon which the search warrant was based was insufficient. The affidavit and search warrant are not set out in the bill. The substance of said instruments is not given. It follows that the bill fails to show that error was committed. Fisher v. State, 1 S. W. (2d) 301.

Bill of exception Number 2 complains of the action of the court in permitting the negro porter to testify that he told one of the officers that he could get some whiskey in appellant's room. It is stated as a ground of objection that the conversation had between the officer and the porter was out of the presence and hearing of appellant. There is nothing in the bill to verify the truth of the objection. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code of Texas, Section 209, page 134; Buchanan v. State, 298 S. W. 569.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.