Phillip Nolan WARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 57762.

Court of Criminal Appeals of Texas,
Panel No. 1.

March 21, 1979.

On Rehearing June 6, 1979.

Scott E. Segall, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Judy Sanders, Leo B. Garcia, Asst. Dist. Attys., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from three convictions for credit card abuse. See V.T.C.A., Penal Code, Section 32.31(b)(1)(A). The punishment was assessed at 10 years' imprisonment for each offense.

In two grounds of error appellant complains of the introduction of evidence concerning an extraneous offense and the State's presentation of argument to the jury at the punishment stage based on the extraneous offense. Appellant's complaint centers on the testimony of James Thomas and R. B. Mussey, the owners of the credit cards which were the subject of abuse. James Thomas testified that while staying in a motor hotel in El Paso on October 29, 1976, his room was burglarized and his clothes and billfold were taken. He testified that numerous credit cards in his billfold were missing. Nobody was identified as the burglar since the witness was sleeping during the course of the burglary. Thomas further testified that he had never seen the appellant before, never gave him permission to use his credit card on October 30, 1976, to buy shoes, and never gave anyone permission to use his credit card. Witness Mussey testified that he was staying in El Paso on the evening of October 29, 1976, when his room at the Royal Inn was burglarized and his billfold and wife's purse were taken. He testified that he made no purchases with his credit card on October 30, 1976, and had never seen the appellant before. Both witnesses testified that signatures on credit card receipts for the purchase of goods were not theirs or that of any authorized signatory.

The appellant filed a motion in limine to prevent the above-referenced testimony from being introduced in the course of the trial, but said motion was overruled by the trial court during pretrial proceedings on the grounds that such evidence was "res gestae." Appellant's trial objection to the testimony of Thomas was overruled for the same reason. Appellant's trial objection to the testimony of Mussey was overruled without reason. Appellant further filed a motion for mistrial based on the complained of testimony which was overruled.

Appellant correctly notes that the elements of credit card abuse were amply established without any need to present evidence of the two burglaries testified to. Upon a close reading of this Court's decisions in *Landers v. State*, 519 S.W.2d 115 (Tex.Cr.App.), and *Eanes v. State*, 546 S.W.2d 312 (Tex.Cr.App.), we must conclude that appellant's contention is meritorious and presents reversible error. The cases cited above, as well as the authorities cited within them, set forth the proposition that evidence of extraneous offenses should not be introduced unless and until it is shown that the defendant was the perpetrator of such offenses. Even then, the evidence is inadmissible unless it falls within one of the exceptions noted in *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.). The language of *Albrecht*, supra, strongly implies that the rules discussed therein concerning the admissibility of extraneous offenses rest on the premise that the evidence shows the accused to have committed the extraneous offense. However, the other cases discussed involve situations where the evidence of the extraneous offense was introduced, but there was no evidence connecting the defendant to the commission of the extraneous offense. In *Landers*, supra, the appellant's conviction was reversed because of the admission of a check that was similar to the check which provided the basis for Landers' prosecution for passing a forged instrument. In *Eanes*, supra, the defend-

ant's assault conviction was reversed because of the testimony of the victim's brother concerning his return to the scene of the altercation and finding his brother's damaged pickup truck. On cross-examination he admitted that he was not saying the defendant damaged the pickup truck.

The State contends that the testimony on the burglaries on the night prior to the offenses involved here was part of the res gestae of the offenses and was admissible under the authority of *Simmons v. State*, 504 S.W.2d 465 (Tex.Cr.App.). However, as stated in *Simmons*, when the evidence of an extraneous offense is "so interconnected with the commission of the instant offense [that it] cannot be separated, [it] is admissible as res gestae to show the context in which the murder occurred." *Id.* at 473. *Simmons* refers back to *Albrecht*, supra, as authority for that proposition. In discussing the res gestae exception to the rule against the introduction of extraneous offenses, this Court said evidence of extraneous offenses was admissible

. . . (1) To show the context in which the criminal act occurred—what has been termed the "res gestae"—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. [Footnote omitted] . .

*Id.* at 100.

The evidence of the burglaries introduced in appellant's prosecution did not possess the "immediacy" required under *Albrecht* to satisfy the "res gestae" exception.

The State further contends that the introduction of this evidence was necessary in order to explain how the appellant obtained possession of the credit cards and thereby avoid confusion to the jury. Unfortunately, it is the introduction of extraneous offenses that causes confusion. Further, how an individual attains access to credit cards he abuses under the terms of V.T.C.A., Penal Code, Section 32.31(b)(1)(A) is not an element of the offense. The evidence clearly

established that the credit cards used by the appellant were not issued to him, but issued to James Thomas and R. B. Mussey.

The State further argues that the evidence of the extraneous offenses was relevant to the element of "effective consent" and the lack thereof. However, the direct testimony of both James Thomas and R. B. Mussey clearly established that the appellant never had their permission to use the credit cards. In addition, such a contention by the State seems to imply that it was their purpose to tie the appellant into the commission of the extraneous offenses since it was his use of the credit cards without the effective consent of the owner that was a necessary element of proof for the State.

Although the State did introduce a prior final felony conviction of the appellant at the punishment stage, we cannot conclude that the introduction of the evidence concerning extraneous offenses discussed above was harmless since the maximum permissible penalty was assessed on each offense.

For the foregoing reasons, the judgment of conviction is reversed and the cause remanded.

Before the Court en banc.

### OPINION ON STATE'S MOTION FOR REHEARING

ONION, Presiding Judge.

On original submission three convictions for credit card abuse [V.T.C.A., Penal Code, § 32.31(b)(1)(A)], wherein the punishment was assessed at ten (10) years' imprisonment for each offense, was reversed because of the admission of extraneous offenses.

On rehearing the State contends the evidence complained of was so interwoven with the offenses charged that it was admissible. The three count indictment alleged in the first and second counts that appellant used a BankAmericard credit card belonging to R. B. Mussey to obtain property of Marianne Gettinger and Hudnel Jones with knowledge that such credit card had not been issued to him and was not used

with the effective consent of the cardholder. The third count alleged use of the BankAmericard credit card of James Thomas under the same circumstances to obtain property of Willie Reveles. The offenses were alleged to have occurred on or about October 30, 1976.

■ It is clear that the State was required to prove beyond a reasonable doubt the use of the credit cards of Mussey and Thomas was without their effective consent on October 30, 1976. See V.T.C.A., Penal Code, § 32.31(b)(1)(A). To so prove the lack of consent the State called Mussey and Thomas as witnesses. To explain their lack of consent they testified that sometime on the night of October 29th and the morning of October 30th someone entered their rooms at different motels in El Paso and took their billfolds containing the BankAmericard credit cards. The appellant argues that such testimony improperly injected two extraneous burglary offenses into evidence over objection to his prejudice. He contends that the witnesses could have stated their lack of consent and simply explained their credit cards were missing on a certain date or related simply that their credit cards were taken illegally without further details. While this could have been done, we do not conclude that the witnesses were required to limit the explanation of their lack of consent because extraneous offenses were involved in that explanation. Here credit cards were taken in separate burglaries during the night or early morning and used by the appellant to purchase certain items the next day, in one situation as early as 10 a. m.

■ It is well established that where an offense is one continuous transaction or where another offense is part of the case on trial or so closely interwoven with the case on trial, proof of all facts relating to the transaction or other offense is proper as part of the res gestae of the offense charged. *Rios v. State*, 557 S.W.2d 87 (Tex. Cr.App.1977); *Smallwood v. State*, 464 S.W.2d 846 (Tex.Cr.App.1971). See and cf. *Simmons v. State*, 504 S.W.2d 465 (Tex.Cr. App.1974), cert. denied 419 U.S. 829, 95 S.Ct. 51, 42 L.Ed.2d 54. It has been held that facts showing commission of a crime other than one directly charged, if part of res gestae and aiding in development of the transaction, are admissible. *Travelstead v. State*, 105 Tex.Cr.R. 101, 287 S.W. 53 (1926). In *Salazar v. State*, 137 Tex.Cr.R. 448, 131 S.W.2d 761 (1939), it was held that where two or more offenses are so blended or connected with one another that they form an indivisible transaction, evidence of commission of any or all of them is admissible on the trial for any offense which is itself a detail of the whole criminal scheme. In *Outlaw v. State*, 125 Tex.Cr.R. 636, 69 S.W.2d 120 (1934), it was held that where several crimes are intermixed evidence of any or all is admissible against a defendant for any offense which is itself a detail of the whole criminal scheme. In *Rios v. State*, supra, it was held that the defendant's activities on March 25th in offering to sell heroin to an undercover officer was part of the res gestae of the actual sale of heroin on the following day and was thus admissible on the defendant's trial for sale even if the action on March 25th constituted a separate offense. In *Calverley v. State*, 511 S.W.2d 60 (Tex.Cr.App.1974), a prosecution for assault with intent to murder a police officer, it was held that proof the defendant and his companion had committed an attempted robbery prior to flight during which the alleged assault on a police officer was committed was admissible as part of res gestae. In *Tillman v. State*, 88 Tex.Cr.R. 10, 225 S.W. 165 (1920), it was held the securing of whiskey by the defendant, a bell boy in a hotel, for H., a guest, was admissible in a prosecution for theft of money from H.'s room since it was so intimately connected with the alleged transaction as to be a part of it. See also *Warden v. State*, 366 S.W.2d 786 (Tex.Cr.App.1963), cert. denied 375 U.S. 886, 84 S.Ct. 162, 11 L.Ed.2d 116.

■ The lack of consent being an essential element in each of the three counts of the indictment, the State's witnesses Mussey and Thomas were fully entitled to explain their lack of consent in a credit card

abuse case even if it involved an extraneous offense or offenses, and further because it formed, under the particular circumstances of the case, a part of the res gestae of the offenses charged and was so interconnected and interwoven to be a part of the transactions alleged. Certainly if the appellant was being tried for burglary the fact that he possessed and used a credit card taken in said burglary the very next day would be admissible in evidence.

■ Appellant argues that the evidence does not establish that he is the perpetrator of the burglary offenses since the victims did not see anyone enter their motel rooms and that without such proof the extraneous offenses were inadmissible. He cites *Landers v. State*, 519 S.W.2d 115 (Tex.Cr.App. 1974), and *Eanes v. State*, 546 S.W.2d 312 (Tex.Cr.App.1977). Appellant overlooks the well-established proposition that the recent unexplained possession of all or any part of the items taken in a burglary is sufficient to sustain a conviction for burglary. *Bernadett v. State*, 166 Tex.Cr.R. 621, 317 S.W.2d 747 (1958); *Adame v. State*, 372 S.W.2d 545 (Tex.Cr.App.1963); *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App.1974); *Hester v. State*, 544 S.W.2d 129 (Tex.Cr. App.1976); Texas Digest, Vol. 6A, Burglary, ▮ and cases there cited.

■ The proof in the instant case that the appellant was in possession the very next day of the credit cards taken in the burglaries was sufficient to show he was the perpetrator of the extraneous offenses and justified the admission of evidence of the burglaries on that score. Appellant's contention is overruled.

In a second ground of error appellant contends the prosecutor committed reversible error by asking the jury at the penalty stage of the trial to consider the extraneous offenses in assessing punishment.

■ The prosecutor, noting that appellant's counsel had argued that only $150.00 had been taken by use of the credit cards, stated, ". . . You heard Mr. Mussey say that he had a lot more money stolen . . . ." The objection that the prose-

cutor was arguing punishment based on collateral offenses was immediately sustained. When the prosecutor continued his argument, he noted that appellant's counsel had argued that only the merchants had been hurt and then stated, "I submit to you I don't think just the merchants were hurt in this case." There was no objection to this argument, and it was not continued by the prosecutor. While it is improper to request punishment to be assessed upon collateral offenses, *Klueppel v. State*, 505 S.W.2d 572 (Tex.Cr.App.1974), we observe that first the prosecutor never completed his sentence in the first complained-of argument, the objection was sustained and no further relief was requested. We further note there was no objection to the second complained-of argument. Under the circumstances, no error is preserved for review, and we do not conclude that fundamental error is presented. Appellant's contention is overruled.

The State's motion for rehearing is granted, the judgment of reversal is set aside and the judgment is affirmed.

ROBERTS, J., concurs.

PHILLIPS, J., dissents for reasons stated in original opinion.

CLINTON, J., dissents.