Tung Thanh NGUYEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00031 CR.

Court of Appeals of Texas,
Dallas.

Nov. 5, 1981.

Richard A. Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffrey B. Keck, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, SPARLING and FISH, JJ.

SPARLING, Justice.

After a plea of not guilty, a jury convicted the appellant of murder and assessed his punishment at life in the Texas Department of Corrections. Appellant complains on appeal that the trial court erred in allowing the use of an illegal confession in cross-examination of the defendant, testimony of recent intercourse by the deceased, and the introduction of photographs depicting the body of the deceased. We cannot agree and therefore affirm the judgment of the trial court.

Appellant, Tung Thanh Nguyen, was romantically interested in the deceased, Thu Minh Thi Nguyen. On the day of the murder, Tung asked Thu to marry him. When she refused, an argument ensued which resulted in Tung beating Thu with a coke bottle, then tying a ligature around her neck and wrapping tape around her face and head; each wound was independently sufficient to cause death.

Appellant took Thu, in a trussed condition, to his house. The police found her body, nude from the waist down, over five hours later. A vaginal smear revealed that the deceased had been sexually penetrated after death or within six hours before death.

■ In his first ground of error, appellant complains that the state improperly used his confession to cross-examine him. The record reflects that appellant signed a "voluntary statement" admitting his guilt. Although the statement appears, on its face, to comply with Tex.Code Crim.Proc. Ann. § 38.22 (Vernon 1979) and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), no hearing was held to determine its voluntariness. The confession was introduced into evidence by the defendant "for record purposes only," and the *jury was never made aware that the defendant signed a confession.*

The appellant avers that the statement was used by the prosecutor to question the defendant, through an interpretor, as follows: "Has he ever told anyone else that it was a black man about twenty four or twenty five that did this?" The record is silent regarding where the prosecutor obtained the information contained in his question. Unlike *Whiddon v. State*, 492 S.W.2d 566 (Tex.Cr.App.1973) and *Hugley v. State*, 505 S.W.2d 914 (Tex.Cr.App.1974), the prosecutor made no reference to the question having originated in a "statement" and no allusion to a confession in argument. We cannot presume, without evidence, that the question came from a confession. Furthermore, since the question was never answered and the jury was instructed to disregard it, we conclude that the mere asking of the question, even if erroneous, was harmless beyond a reasonable doubt.

■ Appellant's second ground of error complains that photographs portraying the body of the deceased at the morgue, before an autopsy was performed, were admitted before the jury. The photographs were used by the pathologist to complement her testimony regarding the type, number, and severity of the wounds. We hold that the

photographs had probative value and were properly admitted. We therefore overrule appellant's second ground of error. See *Terry v. State*, 491 S.W.2d 161 (Tex.Cr.App. 1973) and *Bailey v. State*, 532 S.W.2d 316 (Tex.Cr.App.1975).

In his third and fourth grounds of error appellant claims that evidence of intercourse was proof of an extraneous offense, which should not have been admitted or which the jury should have been instructed to consider only for a limited purpose. We hold that the evidence was relevant, and not proof of an extraneous offense; therefore a charge defining it as such would have been inappropriate.

▇▇▇ Generally, the health and condition of the victim's body at the time of death is part of the res gestae of the offense and may be shown as a fact and circumstance surrounding the killing. Tex. Penal Code Ann. § 19.06 (Vernon 1977); *Ward v. State*, 581 S.W.2d 164 (Tex.Cr.App. 1979); and *Luck v. State*, 588 S.W.2d 371 (Tex.Cr.App.1979), *cert. denied* 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799. The evidence reflects that the intercourse occurred no earlier than six hours before death and that appellant was with the deceased continuously from 8:30 A.M. until the body was discovered at 12:30 or 1:00 P.M. The record further reflects that the murder occurred as a result of a lover's quarrel and that the decedent's pants and underwear were removed subsequent to the attack by the appellant that resulted in her death. Blood discovered around the deceased's pubic area further supported the contention that the intercourse occurred after the fatal attack.

We hold that evidence of sexual intercourse was a fact and circumstance of the primary offense, not of an extraneous offense, and therefore did not require a limiting charge. *King v. State*, 553 S.W.2d 105 (Tex.Cr.App.1977), *cert. denied* 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793; *Stiehl v. State,* 585 S.W.2d 716 (Tex.Cr.App.1979), *cert. denied* 449 U.S. 1114, 101 S.Ct. 926, 66 L.Ed.2d 843.

Affirmed.