**William James KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–85–433–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 3, 1986.

Neil C. McCabe, Houston, for appellant.

John B. Holmes, Jr., Linda A. West, Douglas Davis, Houston, for appellee.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

PAUL PRESSLER, Justice.

Complainant and her boyfriend were robbed in her townhome garage by a man wielding a knife. After taking two

watches and a ring, he drove away in complainant's car.

The next day a police officer stopped appellant. He was driving complainant's car and had the two watches and the ring in his possession. At a line-up, complainant and her boyfriend were unable to identify anyone positively as the robber.

Appellant was indicted for the unauthorized use of a motor vehicle enhanced by a prior conviction of robbery by threats. A jury found appellant guilty as charged and assessed punishment at confinement in the Texas Department of Corrections for fifteen years and a $4,000 fine.

In appellant's sole ground of error, he argues that the trial court erred in overruling appellant's objection to the introduction of evidence of the robbery.

■ Evidence of an extraneous offense should not be introduced unless and until it is shown that the accused was the perpetrator of the offense. *McCann v. State,* 606 S.W.2d 897 (Tex.Crim.App.1980). Appellant contends that the State never proved that he was the person who committed the extraneous offense.

■ Unexplained possession of property recently taken in a robbery, coupled with a claim by another of right to that property, can constitute sufficient evidence of guilt of robbery. *Ward v. State,* 581 S.W.2d 164 (Tex.Crim.App.1979). Here the evidence showed that appellant was in possession of two watches and a ring recently taken from complainant and her boyfriend and was driving a car stolen from complainant.

■ Appellant argues that the State failed to show that appellant's possession of the car was unexplained. He asserts that the State has the burden of proving that appellant was called upon to give an explanation and failed to provide one. The cases cited by appellant say only that possession of the property must be unexplained, not that the State must show that no explanation was given. It was enough that the State proved the appellant was in possession of the car taken in the robbery only a day before and that the record did

not contain a reasonable explanation from appellant. *See Ward, supra.* If he had reasonably explained his possession, the State would have had the burden of rebutting that explanation. *Perkins v. State,* 630 S.W.2d 298 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd, untimely filed); *McLemore v. State,* 638 S.W.2d 211 (Tex. App.—Houston [1st Dist.] 1982, no pet.).

Appellant further contends that the relevancy of the robbery was outweighed by the prejudicial nature of the testimony.

■ Evidence of an extraneous offense is admissable to show the context in which the charged criminal act occurred. *Albrecht v. State,* 486 S.W.2d 97 (Tex.Crim. App.1972). Here the extraneous offense was inextricably linked to the unauthorized use of complainant's car and showed how and why complainant surrendered possession of her car without consent. The relevancy of its admission clearly outweighs any prejudicial effect. Appellant's sole ground of error is overruled.

The judgment of the trial court is affirmed.