CHARLEY BERRY v. THE STATE.

No. 5696. Decided March 17, 1920.

Rehearing denied June 25, 1920.

1.—Theft of Automobile—Sufficiency of the Evidence—Possession of Recently Stolen Property.

Where, upon trial of theft of an automobile over the value of fifty dollars, the conviction depended chiefly upon the possession of alleged stolen property recently after the theft, the conviction was sustained. Following Hill v. State, 41 Texas, 256, and other cases.

2.—Same—Evidence—Declarations of Owner of Car—Identification.

Where the alleged stolen car was identified by the alleged owner of a certain steering wheel on said car, there was no error in admitting said testimony that within the owner's knowledge and experience the parts of a Ford car were easily detached and positively identifying said steering wheel. Distinguishing Schnaubert v. State, 28 Texas Crim. App., 222.

3.—Same—Evidence—Number of Engine on Car.

There was no error in admitting the owner of the alleged stolen car to testify that the number of the engine of the car found in possession of defendant was about a million above the number on engines then put out by Mr. Ford; the case being one of circumstantial evidence.

4.—Same—Evidence—Serial Numbers on Cars—Book Entries—Other Evidence.

Upon trial of theft of an automobile there was no error in admitting testimony that the numbers appearing on Ford engines run serially, and all engines of said make were numbered consecutively, and to identify a book in which appeared the number of Ford engines manufactured during the five or six years preceding; and that such book entries were reliable. Distinguishing Aldenhoven v. State, 42 Texas Crim. Rep.. 6, and other cases; besides, such testimony was given by other witnesses from their own knowledge.

5.—Same—Remarks by Court—Practice on Appeal.

Where the remarks of the court complained of had no bearing on the weight of the evidence referred to, but were addressed solely to the admissibility of the book in question and no objection was made thereto at the time, there was no reversible error.

6.—Same—Evidence—Cross-examination—Interest of Witness.

Upon trial of theft of an automobile, in cross-examination of the witness who worked for defendant and had very strongly testified to an *alibi*, there was no error in asking him whether or not defendant had somebody to come to Waco and steal that car for him, to which the witness answered he didn't know.

7.—Same—Evidence—Bill of Exceptions.

Where the objection to the question as to whether witness did not know that the defendant had raised the number of the alleged car to something nearly a million, but the bill of exceptions was defective, there was no reversible error; besides, this fact was practically undisputed.

8.—Same—Argument of Counsel—Practice on Appeal.

In the absence of a requested charge not to consider the remarks of the County Attorney, and the bill of exceptions not showing that counsel alluded to defendant's failure to testify, there was no reversible error.

9.—Same—Newly Discovered Evidence—Practice on Appeal.

Where the alleged newly discovered evidence could have been obtained on the trial, and besides, the same was immaterial or insufficient to produce a different result, there was no error in overruling a motion for new trial on that ground.

10.—Same—Rehearing—Recent Possession.

Where upon trial of theft of an automobile, defendant was found in possession of the parts of recently stolen property, and when his possession of the same was called in question he gave a false explanation thereof, the conviction is sustained. Distinguishing Wafford v. State, 44 Texas, 439.

11.—Same—Description of Property Stolen.

Where it was strenuously argued in motion for rehearing that appellant's explanation of his acquisition of the alleged car was not shown to be false, it was immaterial whether the body of said car belonged to the party injured, and the State proved the falsity of the claim of appellant as to the possession of the entire car, when the State did prove the falsity of defendant's explanation as to the steering wheel.

12.—Same—Acts of Defendant—Subsequent Possession.

Where appellant insisted also in his motion for rehearing that it was not shown that his connection with the alleged stolen car was not subsequent to its loss by theft, but the record showed that appellant did not claim that the alleged steering wheel was on the car when he got in possession of it, and there was nothing in the record to suggest any acquisition of him of the steering wheel, subsequent to such theft, there was no reversible error.

13.—Same—Book Entries—Evidence—Serial Numbers—Ford Car.

Where the only object of using the so-called "Ford Owner Book" was to show that the serial numbers on Ford Cars in 1919, and at the time of this theft, did not run anything like as high as the engine number upon the alleged stolen car, and besides the witnesses further testified that with-

in their own knowledge and experience the book was reliable and its information correct, there was no reversible error.

**14.—Same—Argument of Counsel—Practice on Appeal.**

In the absence of a requested charge to withdraw the remarks of the county attorney, that the defendant made no explanation as to how he came in possession of the car and where he got the alleged steering wheel, there was no reversible error.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of theft of property over the value of fifty dollars; penalty, two years imprisonment in the penitentiary.

*John B. Atkinson, Chambers & Wallace, R. Lyles* and *Robert M. Lyles,* for appellant.—On question of recent possession: Afford v. State, 44 Texas, 439, and cases cited in opinion.

On question of insufficiency of the evidence: Vaughn v. State, 17 Texas Crim. App. 564. ·

On question of admitting Ford Owners Book: Gransow v. United States, 216 Fed. Rep., 172, and cases cited in opinion.

On question of insufficiency of evidence depending on recent possession: Crockett v. State, 14 Texas Crim. App., 226; Roy v. State, 34 Texas Crim. Rep., 301; Johnson v. State, 52 id., 510.

*Alvin M. Owsley,* Assistant Attorney General, for the State. Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of McLennan County, of the theft of property of the value of more than $50, and his punishment fixed at two years confinement in the penitentiary.

One D. L. Jamison, owned and lost a 1919 model Ford car, of sufficient value to make its theft a felony. When taken, it was parked on a street in the City of Waco, and its loss occurred about July 7, 1919. On said car at the time, was an oversized steering wheel, with many odd marks, which made it easy of identification. Ford dealers who examined it, testified that they had never seen a steering wheel just like it before. Jamison had it before he purchased the car in question. There also were various other marks on said car, by which he thought he could identify other parts of the car.

Some two weeks after his loss, Mr. Jamison found his steering wheel according to his testimony, and a fender which he believed to have been on his car when it disappeared, at Cameron, some sixty miles from Waco, on a Ford car, in the possession of witness Stoltz. Mr. Jamison examined the car carefully, and said that other parts of the car did not have on them the marks of identification which he knew said parts on his car to have possessed. He also said that the

number on the engine of said car ran about nine hundred thousand above the motor number on the engine of his own car.

Mr. Stoltz testified that he bought this car in its then condition, from appellant, some time prior to July 15, 1919; that it was a second-hand car; that appellant told him that it had not been used long, and also told him that he got it in Temple from Ben R. Wilson. The number on the engine of the car in Mr. Stoltz's possession, seemed to be 3908211, but was really 3908711; when Mr. Jamison and the sheriff came and looked at the car, witness, Stoltz, went to appellant and asked him where he got the steering wheel on the car, and he then said he had ordered it from Sears & Roebuck; appellant also stated that he had another car and had sold it, but did not state to whom he had sold same, nor does such evidence appear anywhere in the record. According to the witness Stoltz's recollection, appellant stated that he bought the other car from a Mr. Law, in Waco.

Sheriff Blaylock testified that appellant told him that he had ordered the steering wheel in question from Sears & Roebuck, and also that he had owned two cars, one of which he bought in Temple, and one in Waco; and witness was of opinion that appellant said he bought the one in Waco from a man named Law.

The State placed on the witness stand, the tax-collectors of Bell and Milam Counties, and from them obtained and placed in evidence, the duplicates of two receipts. The Bell County receipt was dated 7-9-19, and recited that it was in payment of the license fee for 1919, of a 1919 model Ford car, engine number 3908211, purchased from Frank Doering; owner's name, Ben R. Wilson, Temple. This tax-collector said that he could not identify the man who registered said vehicle.

The Milam County receipt was dated July 7, 1919, and recited payment of the license fee for that year on a 1919 Ford model car; engine number 3025710, purchased from J .W .Law, dealer; owner's name, C. A. Berry.

It was shown that the numbers on Ford cars run consecutively, and that in July, 1919, they would reach about 3,200,000.

Mr. Doering testified that he dealt in Ford cars in Temple in 1919, and that he kept a record of all cars sold by him; that he did not know Ben R. Wilson, and never sold him a Ford car at any time. For appellant, it was shown by a man who ran a negro pool hall for appellant, that he had business transactions with appellant on July 7, 1919, at Cameron. Two other witnesses testified that appellant was in Cameron on that day.

This is a sufficient statement of the facts.

It is here urged that the court should have given a peremptory instruction to the jury, to find appellant not guilty, at the conclusion of the evidence. We cannot agree to this contention. It has often been held by this Court, that from the recent possession of a part of alleged stolen property, theft of the whole may be inferred and

a conviction sustained. Hill v. State, 41 Texas, 256; White v. State, 17 Texas Crim. App., 188; Gonzales v. State, 18 Texas Crim. App., 453; Rose v. State, 52 Texas Crim. Rep., 155.

In the case last cited, it was shown that a pocketbook was stolen, containing money and a drink check. The latter article alone was traced to the possession of appellant soon after the alleged theft. He was convicted, and the case affirmed by this Court, the following language occurring in the opinion of the Presiding Judge:

"If the drink check was traced to appellant's possession immediately after its loss, it would be very clear and cogent evidence of the fact that he took the pocket-book and all of its contents, for the check was in the pocket-book. There can be no question here that if appellant stole the drink check he stole the pocket-book and all of its contents."

The principle involved in that case is closely analogous to the one in the case at bar.

A week after the alleged car theft, appellant sold a car of the same model and make, upon which were found parts of the alleged stolen car. He said he bought the car on which were these parts, from a man named Wilson, to secure whose testimony, no effort seems to have been made, and who seems not to be known to the dealer in Ford cars at Temple; and, also not to have purchased from said dealer the Ford car mentioned in a receipt which he gave to Stoltz as having been received by appellant from said Wilson.

After selling said car, and when the direct question was put to him as to where he got the steering wheel, appellant stated that he bought the same, himself, from Sears & Roebuck. This appears clearly to be false.

The court told the jury in his charge, that if appellant was not guilty of the original taking of the car, they could not find him guilty, and also told them that any subsequent connection with said car, or said steering-wheel, after their original taking, would not suffice.

The court also told the jury that if appellant purchased the steering wheel from another party, or the jury had any doubt on this question, they should acquit him.

It was proven that the engine number on the car had been changed, and a number placed there, greater than any made by Mr. Ford up to that time.

The witness Jamison testified, that within his knowledge and experience, the parts of a Ford car were easily detached, and could be changed without much trouble, and he was positive in his identification of the steering-wheel as being his and attached to his car when same was stolen. Appellant complains of the admission of this testimony, but we think it competent and material, to show the positive identification of said witness, and to show the case with which the parts of such cars as his, could be shifted. Schnaubert v. State, 28 Texas Crim. Rep., 222, 12 S. W. Rep., 732, is cited, but in that case,

the only criminative evidence was that a brand on an animal had been changed so that it resembled appellant's brand. This Court properly held it insufficient. We are unable to apply that case as authority here.

The witness Jamison, on re-direct examination, stated that the number of the engine of the car found in Stoltz's possession, was about a million above the number on engines then put out by Mr. Ford. Appellant objected for various reasons, none of which seems to us applicable. The case was one of circumstantial evidence. Jamison's car was a Ford—1919 model. He said the car he found was the same make and model, and apparently about the same age as his. The mark of identification on the engine—its number—was material. If it had been changed, that fact was material. If, when found it had a number a million higher than any then put out by the maker, that fact was material, as showing that the number had been changed. If witness knew such fact, it was proper for him to so state.

The witnesses Doering and Cruger, each of whom had dealt in Ford cars for years, testified to the fact that the numbers appear on Ford engines serially. The testimony of each of these witnesses showed substantially that all the engines of said make are numbered consecutively. Doering was permitted to identify a book, in which appeared the number of Ford engines manufactured during the five or six years next preceding, and to say by his own use, and experience in his own business for a number of years, and actual comparison with cars handled by him and his invoices, that he knew said book to be authentic and reliable. This witness also testified from his own knowledge and purchases, to the number on Ford engines in February, 1919, and also in June and July, 1919 the figures given being corroborative of the testimony of said witnesses. We think the testimony of Cruger and Doering admissible, in view of the affirmative testimony of the reliability and authenticity of said book, and of the fact that the engine numbers as occurring in said book were substantially the same as testified to by said witness, and that there was no error in allowing the testimony as to the engine numbers published in said book for February and July, 1919. Aldenhoven v. State, 42 Texas Crim. App., 6; Wright v. State, 44 S. W. Rep., 514, and others are cited, but do not support the position. An examination of these authorities shows that nothing was given as to the accuracy, correctness, or reliability of any of the publications referred to in said opinions, and nothing was shown making the contents of said books in anywise admissible. If said evidence as to the contents of the book was objectionable, same would be harmless, in view of the fact that the same testimony was given by the witnesses who knew the facts of their own knowledge.

The remarks of the court, complained of, had no bearing on the weight of the evidence referred to, but were addressed solely to the

admissibility of the book in question. The court also qualifies the bill by saying that no objection was made to said remarks at the time same were made, and we think no error appears.

Objection was made to the question asked of appellant's witness Posey, as shown by appellant's bill of exception No .11. By refer-ence to said bill, it is disclosed that on cross-examination, said witness was asked by the State: "Do you know whether or not Charles Berry had somebody to come to Waco and steal that car for him?" To this the witness answered, "I don't know sir." We can see no transgression of the rule of cross-examination. This witness worked for appellant, conducting a pool-hall and drink stand for him, and had testified very strongly to an alibi. The evidence in the case strongly tended to support the theory that the car bought by Stoltz was stolen, as well as that lost by Jamison. Some one must have been the guilty party. Cross-examination directed at finding who the guilty party might be, seems admissible.

It was also objected that said witness was asked if he did not know that appellant had raised the number of that car something nearly a million. The court, in approving the bill containing both of said objections, states that the only objection made to the question relative to the engine number being raised, was, "It is assuming a state of facts not proven or intimated."

It was practically undisputed that the engine number on the Stoltz car was nearly a million above those of Ford engines then existing. Some one must have raised it. There was no such assumption of fact as to make the objection tenable. Nor do we think any error appears in the bill, complaining of the remarks of the county attorney in his argument to the jury. No requested charge was presented, asking that the jury be instructed not to consider such remarks, and we are unable to agree with any contention that the statement shown in said bill impinged the statute forbidding comment on appellant's failure to testify.

Appellant seeks a new trial, upon the ground of newly discovered evidence, the same consisting of the supposed testimony of the deputy tax-collector of Milam County, to the effect that he issued to ap-pellant a receipt for the registration of a car on the 7th day of July, 1919. No reasonable excuse appears why this testimony could not have been obtained on the trial. If material and true, the facts were well within the knowledge of appellant. We do not think such facts of sufficient materiality to justify the inference that they might pro-duce a different result. Cameron, the county seat of Milam County, is shown to be about sixty miles from Waco, where the alleged theft was committed. It is no stretch of judicial knowledge for us to say that it would be easy for one to register an automobile in Cameron on the 7th, and during the same day reach Waco in time to commit a theft.

Finding no reversible error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*


ON REHEARING.

June 25, 1920.

LATTIMORE, JUDGE.—We have carefully re-examined the record in this case, in view of the urgent insistence of counsel, both by brief and argument, in support of his motion for rehearing. The case turns mainly upon the question of the sufficiency of the evidence. Briefly reviewing the facts, it appears from the record that about the 7th of July, one Jamison lost his Ford car in Waco, Texas, and that on the 15th of the same month, a Ford car of the same model and make was sold by appellant to one Stoltz, in Cameron. Upon the car of Jamison when lost, was an oversized steering-wheel, of such peculiar markings and character as to cause Ford dealers of experience, who examined it, to testify that they had never seen one like it. This same steering wheel was upon the car sold by appellant to Stoltz. An investigation of the transaction was begun, and the owner came down and looked at the Stoltz car. Appellant was approached, and the subject of his possession and acquisition of said steering wheel directly put in issue, and the question was asked appellant as to where he got it. His reply was, as testified to both by the sheriff and Stoltz, that he ordered it from Sears & Roebuck. Mr. Jamison said that he had used this wheel not only upon the alleged stolen car, but upon another Ford which he had formerly owned, and that he knew the said wheel well; that there could be no doubt at all of the fact that it was his wheel, and was the one which was on the alleged stolen car. The question then resolved itself into well settled lines. Appellant was found in possession of a part of recently stolen property, and when his possession of same was called in question, he gave a false explanation thereof. It is well settled in this State that possession of recently stolen property, unexplained, or when accompanied by an explanation shown to be false, will support a conviction for theft. It would thus seem that the only question of fact left, is whether or not proof of possession of a part of stolen property, unexplained, or accompanied by a false explanation, would suffice to support a conviction for theft of the whole. We entered into a rather full discussion of this matter in our original opinion, but appellant insists that there are circumstances and facts in this case which would tend to take it out of the rule laid down in the Hill and Rose cases, cited in our original opinion, and bring it with-

in the rule laid down in the case of Wafford v. State, 44 Texas, 439. We have examined the Wafford case, and do not think it similar in any aspect to the instant case. In the Wafford case the accused accounted for his possession of certain alleged stolen oxen which he had slaughtered, by a claim of purchase in good faith, which he corroborated by producing a bill of sale, and further supported by proof of open and notorious appropriation and slaughter, and the production of the hides and heads, etc., of said animals. In fact, the defensive evidence in the Wafford case was of such character as to lead the Supreme Court to say: "The evidence of the defendant is just such as an innocent man might be expected to produce if he had bought the oxen as he said he did." None of these facts are true of the instant case. Appellant's only explanation of his possession of the steering wheel, of which he was in possession a week after it was stolen, was that he ordered it from Sears & Roebuck, and this, according to the testimony of Mr. Jamison, was unquestionably false. Further, in the instant case, notwithstanding appellant was shown to have been in possession of two Ford cars about the same time of the alleged theft of a Ford car, and notwithstanding proof was made of the ease with which the parts of such cars might be shifted, and the identity of an individual car affected or destroyed, appellant offered no proof to show what had become of the other Ford car which he had, it appearing that he told the sheriff, when questioned about it, that he did not know to whom he had sold it. Further, in the instant case, appellant was shown to be in possession of a car on which he was using the steering wheel of Mr. Jamison, and it was made to appear that the engine number on said car had been tampered with and materially changed. So that this Court could not say of the evidence in this case, as the Supreme Court said of the evidence in the Wafford case, that the conduct of appellant is what one would expect of an innocent man under like circumstanes.

We have carefully reviewed the facts and circumstances in the record, to see if there be anything which would bring this case within the rule announced in the Wafford case, but are unable to find anything. There seems no evidence affecting the appellant's acquisition of the entire Jamison car, which would rest upon a different footing from his acquisition of the steering wheel.

It is strenuously argued in the motion, that appellant's explanation of his acquisition of the car sold to Stoltz was not shown to be false. Mr. Jamison did not claim as his the car sold by appellant to Stoltz, further than that the steering wheel on it was his. Whether the body of said car belonged to Mr. Jamison or not, he was unable to say, because it did not have any identification marks upon it, and the number of the engine was about nine hundred thousand above his engine number. Mr. Jamison said when his car was taken it had a cracked spoke in one of the front wheels, which he could not find in the Stoltz car. Mr. Jamison had apparently never claimed or made

any effort to retake the Stoltz car, other than his steering wheel. So that it becomes immaterial whether the State proved the falsity of the claim of appellant as to the Stoltz car or not. The State did prove the falsity of his explanation as to the steering wheel, and that is sufficient for the purposes of this case.

Appellant insists also in said motion that it is not shown in this case that his connection with the alleged stolen car was not subsequent to its loss by theft. We do not understand that the question is raised by the evidence. Appellant did not claim that the Jamison steering wheel was on the car when he bought it from Wilson in Temple, and we find nothing in the record to suggest any acquisition by him of the steering wheel, or the car upon which the steering wheel was when it was taken from Waco, subsequent to such theft.

Appellant again urges that we were in error in upholding the action of the trial court in permitting in evidence the book called the "Ford Owner Book," and insists that our statement of the fact that the substance of what was there introduced out of said book was testified by witnesses from their independent knowledge, was not correct. In view of these questions, we have again examined the testimony of the witnesses who gave evidence as to said publication. The only object of using said book at all, seems to be to show that the serial numbers on Ford cars in 1919, and at the time of this theft, did not run anything like as high as the engine number upon the Stoltz car, and that in fact none of the numbers exceeded 3,200,-000 at that time.

Examining the testimony of the witness Doering, we find that the question was asked him, if he received any cars from the Ford factory in February, 1919, and as to whether he had the invoice numbers, or the motor numbers of said cars. Witness answered that he could tell what the motor numbers were on Ford cars in June and July. This witness testified that said numbers ran about 3,200,000 to 3,100,-000; nothing higher than 3,200,000 in July; and that he received the information from the invoices, and did not get it from said book. The witnesses further testified that within their own knowledge and experience, the book was reliable, and its information correct. We see no possible harm from its admittance.

The only remaining question in said motion, is that involving the argument of State's attorney. Again examining the bill of exceptions containing said matter, it appears that the State's attorney told the jury that "the presumption in this case is, if your car is stolen and you find me in the possession of it, the presumption is that I stole your car, unless I explain my possession of it. No one tells you how the defendant came into possession of the J. L. Jamison car. No one has told you how the numbers were changed on that car. No explanation shows you how the defendant came into possession of that car. But I ask you here to convict the defendant, because no explanation came from him."

The court, in approving this bill of exceptions says that if any such remarks were made by the county attorney, he did not hear them. That no requests were presented to the court for instructions to the jury, and no objections were made, except that from time to time during the argument, counsel for appellant did present a paper to the court, on which he would contend were written objections to the remarks of the county attorney; that the county attorney contends that his intention in the argument mentioned was to call attention to the fact that at the time appellant explained to the sheriff and Mr. Stoltz where he got the steering wheel, that he made no explanation as to how he came in possession of the car. We think it permissible for the State to argue the failure of the defense to offer in evidence any explanation of appellant's possession of recently stolen property, and that the fact that in making such argument, the prosecuting attorney may have said that no explanation came from defendant, should not be held a violation of the rule forbidding comment upon his failure to testify such as would call for a reversal of the case.

Finding no error in the record, the motion for rehearing will be overruled.

*Overruled.*