RALPH RAY V. THE STATE.

No. 17446. Delivered March 20, 1935.

The opinion states the case.

*Fred C. Chandler,* of Stephenville, and *J. R. Creighton,* of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an attempt to commit burglary, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The testimony shows that on the night of August 20, 1934, the top sash of a window at the north or rear end of a store building belonging to Mr. J. M. Hunt was prized out and laid on the ground next to the building. The locks on the gasoline pump located in front and at the south of his store building had been broken and some gasoline taken from same. An investigation disclosed two tracks made by two different persons leading from the gasoline pumps to a place in a road or near a road where it appeared that a car had been parked and where it appeared that gasoline had been conveyed in cans from the pumps to the parked car as the impression made on the ground showed the rim of a can or cans. One of the tracks leading from the pumps to where a car had been parked showed that it had been made by a person wearing a shoe from which the heel was removed or had been lost, but no such

tracks were found at or about the place where the top sash of the window to the store building had been removed. There was no tracks found leading from the road where the car had been parked or from the pumps to the window in the rear of the store building. The tracks made by the car indicated that it had a small tire on the right front wheel, a large worn tire on the right rear wheel and left front wheel, and a Diamond tread tire on the left rear wheel. These automobile tracks led from a point about one hundred yards from the gasoline pumps to where the car turned in at Mr. Davis' place, then through his place to the appellant's home. The next day about noon the officers appeared at appellant's home at which time he was wearing a pair of old shoes from one of which the heel was off. An investigation of the gasoline tank on his car disclosed that it was almost full of gasoline. The appellant did not testify.

The only serious question presented by the record is that of the insufficiency of the testimony to support the conviction. The evidence is wholly circumstantial, and to sustain a conviction on circumstantial evidence it should appear not only that an offense as charged was committed but that there should also be proof tending to establish that the party charged was the person who committed the offense or was a participant in its commission to a degree of certainty greater than a mere probability or strong suspicion. In the case at bar there is no direct or circumstantial evidence which tends directly to connect the appellant with the commission of the offense charged in the indictment. The circumstances tend strongly to show that the appellant was connected with the offense of breaking the locks on the gasoline pumps and taking therefrom some gasoline, but in considering this case, when we eliminate the circumstances which will connect the appellant with the breaking of the pumps and the taking of the gasoline, then we have no testimony which would in any way connect the appellant with the offense charged. It is a well recognized rule of law that in order to warrant a conviction of a crime on circumstantial evidence, each fact necessary to the conclusion sought to be established must be proved by competent evidence beyond a reasonable doubt. All the facts must be consistent with each other and with the main fact sought to be proved and the circumstances taken together must be of a conclusive nature leading on the whole to a satisfactory conclusion and producing in effect a reasonable and moral certainty that the accused and no other person committed the offense charged. The

fact that the circumstances proven show that the appellant committed the offense of the theft of gasoline does not establish beyond a reasonable doubt the fact that he prized the sash of a window from the store building, nor does it exclude every other reasonable hypothesis except that of the guilt of appellant. In order to sustain this conviction we would have to presume that inasmuch as the circumstances show that the appellant committed the offense of theft of gasoline, that therefore he was also guilty of the offense of an attempt to commit burglary. To indulge in such a presumption would be indulging a presumption against the appellant. This can not legally be done. We have carefully read the statement of facts and considered all the circumstances offered by the State, but are constrained to hold that the case against the appellant is not established with that degree of certainty which would authorize us to permit the judgment of conviction to stand, and in support of our views we refer to the case of Hogan v. State, 13 Texas App., 319, and Pogue v. State, 12 Texas App., 283, in which the requirements of the law on circumstantial evidence to sustain a conviction are fully discussed.

The disposition we are making of this case obviates the necessity of discussing any of the other questions urged by appellant.

Having reached the conclusion that the evidence is insufficient to sustain the conviction of the offense of an attempt to commit burglary, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded*

The foregoing opinion of the Commision of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.