Francisco **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40516.

Court of Criminal Appeals of Texas.

July 12, 1967.

Arturo R. Aguirre, El Paso, for appellant.

Barton Boling, Dist. Atty., Robert D. Earp, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for burglary; the punishment, six years.

It was shown by the state's testimony that on the night in question during an electrical blackout in the city of El Paso, the appellant and his co-indictee, Enrique Granados, were stopped by Officer Williams when he observed them jaywalking and staggering across a street from the B. F. Goodrich store. The two had come out of an alley which ran behind the store. At the time, appellant and Granados were carrying some articles, consisting of a perculator and transistor radios. Appellant was carrying the perculator and one radio. Some of the articles bore tags of the B. F. Goodrich Company. An immediate investigation revealed that the Goodrich store building had been burglarized.

Appellant did not testify but called as a witness his co-indictee, Granados, who had been convicted of the burglary in a separate trial and was serving a six-year sentence in the Department of Corrections.

Granados swore that it was he (Granados) who committed the burglary and that he acted alone in the commission of the offense. He swore that he stashed the stolen articles in a trash can and that later he returned to the scene with appellant and gave him some of the articles to carry away. On cross-examination, Granados admitted that after his arrest he gave a statement to the police in which he implicated appellant in the burglary by stating that appellant was waiting on the sidewalk for him when he (Granados) came out of the building.

The issue of appellant's guilt was submitted to the jury upon a charge on the law of principals and circumstantial evidence.

Two grounds of error are urged by appellant in his brief filed in the trial court.

He first complains of the court's refusal to grant his motion for a mistrial when the state's attorney, in his final argument to the jury, stated:

"* * * Is it reasonable? It's possible, but is it reasonable? Now, you're not the first jury in this world or even in this State that's been faced with the very problem we've got here today. A lot of juries have had this kind of problem, and every time—or a lot of times they've stood up and they've said 'guilty,' and this is what's called a recent unexplained possession of stolen goods case."

The bill of exception and record reflect that at the time such argument was made, the following transpired:

"MR. AGUIRRE: We object to that, and move for a mistrial.

"THE COURT: Overrule the mistrial. It will be overruled, but I sustain the objection to that line of argument."

No request was made by appellant that the court instruct the jury not to consider the argument.

In his brief, appellant insists that such argument presents reversible error because it constituted a reference to his failure to testify and also to his silence while under arrest.

 It should first be noted that appellant stated no grounds of his objection to the complained-of argument. Such an objection, without stating the grounds or reason therefor, is insufficient to predicate error. See: Ingram v. State, Tex.Cr.App., 363 S.W.2d 284, and cases therein cited.

We observe, however, that the argument, when viewed in light of the evidence, does not reflect error. Berry v. State, 87 Tex.Cr.R. 559, 223 S.W. 212; Vineyard v. State, 131 Tex.Cr.R. 476, 100 S.W.2d 362. Had the trial court overruled appellant's objection there would have been no error.

In his second ground of error, appellant insists that the court erred in admitting evidence showing that windows were found broken at the scene of the burglary, over the objection that there was no testimony connecting him with the breaking.

To sustain appellant's conviction it was incumbent upon the state to first prove a burglary. Evidence that windows of the building were broken was admissible in making such proof. The proof of appellant's unexplained possession of the recently stolen property, taken from the building,

was sufficient to sustain his conviction for the burglary. Adame v. State, Tex.Cr. App., 372 S.W.2d 545.

In Ray v. State, Tex.Cr.App., 80 S.W.2d 973, cited by appellant, the question presented was the sufficiency of the evidence to sustain a conviction for attempt to commit burglary and not the admissibility of evidence. The case is not here controlling.

The ground of error is overruled.

The judgment is affirmed.