Joseph BOLDEN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 47276, 47277.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

The evidence in the record shows that on August 25, 1970, a sub-station owned by Gulf States Utility Company was broken into and a quantity of copper wire and fittings was taken. Some of the wire was subsequently located in varying quantities at Lawson's Salvage, Southern Iron and Metal, and Wright's Scrap Metals, the bulk of which was found at Southern Iron and Metal.

Willie Burford testified that on the morning of August 25, 1970, while a part-time employee at Wright's, he purchased a large quantity of copper wire and fittings from the appellant and two other men. He testified that the appellant used the name "Leroy Fanuel" in signing the receipt for the money he was paid. Wright's later sold the wire to Southern Iron and Metal.

We hold the evidence is sufficient to show that appellant had possession and control of the copper wire when he sold it. Recent unexplained possession of stolen property taken in a burglary is sufficient proof to establish one's guilt in the offense.

Next, the appellant argues that his motion for a mistrial should have been granted when Detective J. R. Smith testified as follows:

"Q. After you had this conversation with the man there, Mr. Burford, did you have any idea who you were looking for with reference to this crime?

"A. I knew exactly who we were looking for.

"Q. Who was that?

"A. Joseph Bolden and Dennis Meyers.

"Q. Why?

"A. Well, I had been investigating these two for the last several months for copper wire.

"MR. PLESSALA: Objection, Your Honor, he's going into extraneous

Harold Plessala, Port Arthur, for appellant.

Tom Hanna, Dist. Atty. and Stephen M. Rienstra, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from convictions for burglary in Cause No. 47,276, and breaking and entering a motor vehicle in Cause No. 47,277. The jury assessed punishment at seven years and one year respectively.

In his appeal in Cause No. 47,276, the appellant alleges four grounds of error. First, he contends that the evidence is insufficient to show that he exercised control or· had possession of the wire [which had been stolen] during the burglary. Second, he contends that the trial court erred in refusing his motion for mistrial after testimony regarding extraneous offenses. Third, he complains of improper argument by the prosecutor. And fourth, he attacks the admission into evidence of the opinions of the investigating officer, the assistant district attorney prosecuting the case, and the assistant United States attorney at the punishment stage that his reputation in the community was bad.

offenses and I don't think it's proper.

"THE COURT: The objection is sustained. Members of the Jury, disregard the remarks of the witness."

As this Court said in White v. State, Tex. Cr.App., 444 S.W.2d 921:

"An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds."

In Sensabaugh v. State, Tex.Cr.App., 426 S.W.2d 224, the Court wrote:

"The Court of Criminal Appeals rarely reverses a conviction of crime solely because an improper question was propounded to the defendant as a witness. To cause reversal the question must be obviously harmful to the defendant."

In view of the court's ruling and its instructions to the jury, there is no reversible error. It should be noted that no objection was made to the "why" question until after it was answered. The appellant's second ground of error is overruled.

Next, the appellant contends that it was improper for the prosecution to state in his final argument, "This defendant could have called the white man to the stand or any other witness. He could have had witnesses here to testify about alibi or any other thing that would explain the possession of the copper and he did not. He presented no evidence of any type whatsoever."

■ The language used can reasonably be construed as referring to the appellant's failure to produce other testimony than his own and therefore, it is not improper. Curlin v. State, Tex.Cr.App., 500 S.W.2d 141. No error is shown.

■ The appellant's contention that it was error for the trial court to allow the witnesses to testify as to his reputation in the community because their testimony was based solely on their personal knowledge and not from hearsay is not supported by the record. The contention is overruled.

In Cause No. 47,277, the appellant raises two grounds of error. He contends that the trial court improperly admitted his written confession because "the evidence did not affirmatively show that appellant made a voluntary, knowing and intelligent waiver of his constitutional rights prior to making such confession," and that the evidence is insufficient to support the verdict.

■ The record reflects that a Jackson v. Denno [1] hearing was conducted. After the hearing the trial court found that the statement had been voluntarily given and that the appellant had been advised of his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, and Article 38.22, Vernon's Ann.C. C.P. The trial court also made written findings that the appellant understood his rights and had knowingly and intelligently waived these rights. The findings are supported by the evidence.

Next, the sufficiency of the evidence is challenged. The appellant argues that the confession does not admit to "breaking," an element of the crime, and therefore, does not admit the crime. He then contends that since the confession does not specifically identify the two automobiles or the location of the theft every reasonable hypothesis except guilt is not excluded.

■ The appellant, in his written confession, admitted to taking radiators from two cars parked on Dallas Avenue and that

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

he took a radio from one of the cars on the date of the alleged offense.

James Rogers testified that he was the owner of Rogers' Garage on Dallas Avenue in Port Arthur on the date in question. He further testified that he owned one of two vehicles which were burglarized at his garage on the date in question and that two radiators, two batteries and one radio had been taken from the vehicles. Rogers also testified that he had no idea as to how the cars were entered but that some type of breaking would have been necessary to remove the equipment from the cars. Detective J. R. Smith testified that the radio taken from Rogers' car was found in the appellant's car. A charge on circumstantial evidence was given.

We hold that the evidence is sufficient for the jury to find that the appellant had broken and entered the vehicles belonging to James Rogers.

No reversible error being shown, the judgments are affirmed.