Jimmy Lewis **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 60574.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 23, 1981.

Art Brender, court appointed, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and William Kane, John Bankston, J. R. Molina and C. Chris Marshall, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ.

### OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of burglary of a habitation. The punishment, which is enhanced by two prior felony convictions, is imprisonment for life.

The appellant asserts that: the evidence is insufficient to support the conviction, unlawfully obtained evidence was erroneously admitted, and punishment of life imprisonment under the provisions of V.T.C.A. Penal Code, Section 12.42(d) is cruel and unusual and violated his constitutional rights.

■ The apartment of Gilbert and Cathy Borton, in Arlington, was entered by someone without authority while they were at work. Two television sets, several items of jewelry, and a coin collection were stolen. That afternoon the appellant was arrested and some of the stolen items were found in the pockets of clothing he was wearing and the two television sets were found in the trunk of the car he was driving. The appellant told the officers he was trying to sell the jewelry. Evidence that the appellant had the exclusive, unexplained possession of this property recently stolen is sufficient to sustain the conviction. *Ward v. State*, 581 S.W.2d 164 (Tex.Cr.App.1979) (Opinion on Rehearing); *Williams v. State*, 504 S.W.2d 477 (Tex.Cr.App.1974); *Bolden v. State*, 504 S.W.2d 418 (Tex.Cr.App.1974); *Rodriguez v. State*, 417 S.W.2d 165 (Tex.Cr.App.1967).

The appellant urges that the stolen items found in his possession and the stolen television sets found in the trunk of the car he was driving were unlawfully obtained by the arresting officers. A Dallas police officer who knew the appellant saw him driving a Ford automobile, park at a lounge, and enter the lounge. The officer knew the appellant had a record of convictions for theft. A radio and computer check of the license plate number on the Ford revealed that this license plate number was registered to an Oldsmobile at an address in San Antonio. Two other officers were called; the officers entered the lounge, and arrested the appellant. The appellant was searched and jewelry which had been stolen from the Bortons was found in appellant's clothing. The officers believing that the automobile was stolen impounded it and using keys found on the appellant unlocked and inventoried its contents; they found

the television sets which had been stolen from the Bortons in the trunk of the automobile.

█ The officers had probable cause to believe the appellant was driving and in possession of a stolen automobile. The jewelry obtained in the search of the appellant made incident to his warrantless arrest was lawfully obtained. See *Laws v. State*, 549 S.W.2d 738 (Tex.Cr.App.1977); *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App.1977).

█ The officers reasonably believed the automobile was stolen; its impoundment, the search, and the inventory of its contents were lawful. *Daniels v. State*, 600 S.W.2d 813 (Tex.Cr.App.1980); cf. *Benavides v. State*, 600 S.W.2d 809 (Tex.Cr.App.1980). Evidence concerning the discovery of the stolen television sets was properly admitted.

In searching the automobile the officers found another set of license plates. Subsequent investigation showed these were the license plates issued for the Ford automobile and that this automobile was not stolen. That the automobile was not a stolen automobile is immaterial since the officers at the time of the appellant's arrest and search and the search and inventory of the automobile had probable cause to believe the automobile was stolen.

The appellant's ground of error urging that V.T.C.A. Penal Code, Section 12.42(d) is unconstitutional is without merit. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

The remaining grounds of error raised by the appellant in his pro se brief have been considered; they are without merit.

The judgment is affirmed.

TEAGUE, Judge, dissenting.

Based on the affirmative facts that are in this record, I would hold that there was an illegal search and seizure of the items found in both the interior compartment and the trunk of the automobile.

What should be, but is not, stressed by the majority's opinion is *the fact that the Borton's were burglarized sometime after 8:00 a.m., but the burglary was not reported until after 5:00 p.m.* Thus, *at the time of appellant's arrest and the search and seizure of his person and his automobile, the police were unaware of the Borton burglary.*

The majority's opinion impliedly stands for the proposition that if law enforcement officials use the correct conclusory legal terms, such as "impoundment," "inventory search," or the like, then a search and seizure, ipso facto, becomes lawful. We should, however, always address the underlying reasons given for the use of any conclusory term, and not simply adopt a law enforcement official's use of a term or terms to uphold a search and seizure, as I fear has been done by the majority in this cause.[1]

However, although using the "magic" legal words "probable cause," McMillon to this day has not told us how there was "probable cause" to believe "that stuff [in appellant's automobile] to be stolen" at the time of appellant's arrest. However, he did elucidate that the appellant's "reputation was part of the probable cause."

I do not quarrel with the majority that the police had the lawful right to detain

---

1. A good example of how a law enforcement official uses "magic" legal words is the following:

   Q: So, you based your arrest upon his prior record and not upon something that happened at that time, is that correct.
   A: No, sir, and you know that is incorrect.
   Q: No, I don't. I wasn't there.
   A: It's quite incorrect.
   Q: All right. Then, tell me why you arrested him?
   A: Well, we arrested the man, you know, for violation of the State Motor Vehicle Registration Law.
   Q: Did you file that case—
   A: The charge was going to be Auto Theft.
   Q: But there was no auto theft?
   A: The investigation revealed the car was not stolen. The search, which revealed the property, and all of these things, the offense, you know—I believe I've done everything in the world *reasonable and probable* when I asked for the assistance of the other division, people who deal with that stuff on a more regular basis than I do. I certainly believe that there was every reason in the world to think there was *probable cause* for that stuff to be stolen. (emphasis added).

appellant, as he was driving an automobile with license plates that did not match the true registration of the plates, i.e., he was driving a Ford automobile with plates registered to an Oldsmobile. See Art. 14.01(b), V.A.C.C.P., and Art. 6675a–3e, Secs. 5 and 8, V.A.C.S.

However, officer McMillon's eyes initially became focused on appellant on the day in question because, as he tells us: "The man is a well-known police character, thief, exconvict." Not having any justifiable reason to stop, detain or arrest appellant, McMillon called in to check the plates on the vehicle appellant was driving and, almost like saying the word "bingo," he received information the automobile's plates did not match, thus giving him cause to arrest and detain appellant and his automobile, until he could further investigate whether the automobile was stolen. He did investigate, but learned very shortly, in approximately 30 minutes after he had arrested appellant, that the automobile was not stolen. No charges were ever filed against appellant for violating Art. 6675a–3e *supra.*

I do not quarrel with the taking of appellant and his automobile into lawful *custody,* but to say that under these facts there was a lawful *inventory* and lawful *mpoundment* of the vehicle stretches the definition and meaning of those words. The simple fact of the matter is, as I read this record, there was no lawful *inventory* and no lawful *impoundment* of the automobile, but merely a search and seizure for evidence *of an unknown burglary.*

I respectfully dissent.