**Wilbert Carl WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 389–83.**

Court of Criminal Appeals of Texas, En Banc.

March 20, 1985.

Keith W. Marshall, Richardson, for appellant.

Henry M. Wade, Dist. Atty., and W.T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

**ORDER ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

CAMPBELL, Judge.

It now appearing that the decision to grant discretionary review was improvi-

dent, the Appellant's petition for discretionary review is hereby dismissed.

CLINTON and MILLER, JJ., dissent.

TEAGUE, Judge, dissenting.

I respectfully dissent to the majority's decision to dismiss appellant's petition for discretionary review on the ground that it was improvidently granted. It was not improvidently granted.

The Dallas Court of Appeals, in an unpublished opinion, on April Fool's Day, 1983, see *Williams v. State*, (No. 05–81–01167–CR, April 1, 1983), erroneously held that the evidence was sufficient to sustain the verdict of the jury that Wilbert Carl Williams, appellant, was guilty of committing the alleged primary offense of *burglary of a vehicle*, allegedly belonging to Preston Burge, Jr. See V.T.C.A., Penal Code, Section 30.04.[1]

The involved vehicle was actually a trailer that belonged to Ryder Truck Lines of Dallas. Burge was the Terminal Manager for Ryder. On December 22nd, appellant was found in exclusive, unexplained possession of merchandise, which had been put inside of the trailer *between December 11th and December 22nd*. Business records of Ryder reflect that many persons had the lawful right to enter the trailer during this period of time. There is no evidence that once placed inside of the trailer, the merchandise was never moved or removed from its location inside of the trailer, nor is there any evidence that the merchandise was not ever temporarily moved outside of the trailer in order to restructure or relocate the items of merchandise that had been placed inside of the trailer.

Did the prosecution establish beyond a reasonable doubt not only appellant's guilt

of the primary offense of burglary of the vehicle, but did it also exclude to a moral certainty every other reasonable hypothesis except that appellant, acting either individually or as a party, without the effective consent of Burge, the alleged owner of the vehicle, and with intent to commit theft, *break into or enter Burge's vehicle?*

In arriving at its conclusion that the evidence was sufficient to establish appellant's guilt, as well as to exclude any other reasonable hypothesis except appellant's guilt of the primary offense of burglary of Burge's vehicle, the Dallas Court of Appeals relied upon the following facts, which it implicitly or expressly asserted were undisputed: (1) *someone* without authority *took from the inside* of Burge's vehicle personal property, and (2) that appellant later, but recently, was shown to have been in exclusive, unexplained possession of the property. It then held: "Evidence that the appellant had the exclusive, unexplained possession of property recently stolen is sufficient to sustain the conviction [for the alleged offense of *burglary of a vehicle*]." [Emphasis Added]. The court of appeals cited several cases as authority for its holding, namely: *Williams v. State*, 621 S.W.2d 613, 614 (Tex.Cr.App.1981); *Ward v. State*, 581 S.W.2d 164, 168 (Tex.Cr.App.1979); *Bolden v. State*, 504 S.W.2d 418, 419 (Tex. Cr.App.1974).

The main problem that I have with the opinion of the court of appeals is that other than appellant's recent, unexplained possession of property that was unlawfully removed from *the premises* of Ryder Truck Lines, there is no *independent evidence* that a burglary of Burge's vehicle ever occurred, nor is there any evidence to support the following implicit finding the court of appeals made, namely, that "the property was taken from (the inside of)

1. V.T.C.A., Penal Code, Section 30.04(a) provides that a person commits the offense of burglary of a vehicle if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft. The word "vehicle" is defined by statute to mean the following: "[A]ny device in, on, or by which any person or

property is or may be propelled, moved, or drawn in the normal course of commerce or transportation, except such devices as are classified as 'habitation.'" V.T.C.A., Penal Code, Section 30.01(3). The word "habitation" is defined by V.T.C.A., Penal Code, Section 30.01, but such definition does not play any part in this cause.

trailer 83366 without authority." Although it is undisputed that the property was removed from *the premises* of Ryder Truck Lines of Dallas without lawful authority, it is also undisputed that there is no evidence that on December 22nd, when the trailer was "sealed,"[2] that the property was or had been previously unlawfully removed from inside of the trailer.

The decisions that the court of appeals cited as authority for its holding that appellant was the guilty perpetrator of the burglary of Burge's vehicle do hold that if the defendant is charged with the offense of burglary *and* there is independent evidence that a burglary occurred *and* the defendant is found in recent, unexplained possession of property that came from the burglary, then the evidence will be sufficient to sustain the defendant's conviction for the burglary.

The problem with the decisions that the court of appeals relies upon is that, in light of our facts, they are inapposite to correctly resolve appellant's contention that the evidence is insufficient to establish either that a burglary of Burge's vehicle occurred or that the evidence does not exclude, to a moral certainty, every reasonable hypothesis except appellant's guilt for that burglary.

In *Williams*, supra, which was a burglary of an apartment case, the independent evidence reflected that a burglary of an apartment, from which personal property had been taken, occurred. It was also established that the defendant was found in recent, exclusive, unexplained possession of the stolen property. Thus, because not only was there independent evidence that a burglary had occurred, but that it was also established that the defendant was later, but recently, found in possession of property that had come from the burglary, the general rule of recent, unexplained possession of stolen property was properly invoked and applied by this Court in that

cause, causing the evidence to be sufficient to sustain the verdict of the jury. In *Ward v. State*, supra, which involved the offense of credit card abuse, the independent proof established that motel rooms which the complaining witnesses had rented had been burglarized and credit cards were taken from the rooms without the effective consent of their owners. It was also established that on the very next day the defendant was found in possession of the credit cards. Using the principle that recent, exclusive, and unexplained possession of stolen property is sufficient to convict for the offense of burglary, this Court correctly held that the evidence was sufficient in that case to establish that the defendant was the perpetrator of the burglary offenses. In *Bolden v. State*, supra, the last case the court of appeals relied upon, the independent evidence established that there had been a burglary of a building and that a quantity of copper wire and fittings were taken from the burglarized premises. It was also established that the defendant and two other persons sold to another person the copper wire and fittings, which sale occurred recently after the burglary had been committed. This Court correctly held that the evidence was sufficient to show not only that the defendant had possession and control of the copper wire when he sold it, but that such recent, unexplained possession of the stolen property was sufficient proof to establish the defendant's guilt for the offense of burglary. Also see *Harris v. State*, 656 S.W.2d 481, 483 (Tex. Cr.App.1983); *Williams v. State*, 621 S.W.2d 613 (Tex.Cr.App.1981); *Mulcahey v. State*, 574 S.W.2d 112 (Tex.Cr.App.1978); Vol. 8, *Tex.Dig.2d*, burglary key number 42(1).

Thus, as easily seen, in each of the above cases there was independent evidence that a burglary had occurred and additionally there was evidence that the accused was

2. "[The] seal [was] a plastic device approximately 8 to 10 inches long that states 'Ryder Truck Lines,' and it has a six-digit number on it for identification purposes... It's a device—... it's a piece of plastic that interlocks with its opposite end and it obviously is so constructed that it couldn't keep anybody out, but it's a security device to let us know in the event that something has happened to that trailer door."

later, but recently, found in unexplained possession of property that had come from the burglary. But, as to the commission of a burglary, those are not our facts.

The record on appeal reflects that the State's case was based totally upon circumstantial evidence. The jury was instructed that "this [was] a case depending for conviction on circumstantial evidence," and was also instructed on the law of circumstantial evidence. The charge on circumstantial evidence reflects it is a carbon copy of the one found in the 1981 edition of McClung's *Jury Charges for Texas Practice*, at page 260. Cf. *Hankins v. State*, 646 S.W.2d 191 (Tex.Cr.App.1981) (On State's Motion for Rehearing), (Charge on circumstantial evidence is no longer required to be given even when case rests solely on circumstantial evidence.)

In light of the instruction that was given the jury, before it could find appellant guilty of the offense of burglary of Burge's vehicle, it had to exclude, to a moral certainty, every reasonable hypothesis except the appellant's guilt.

It is undisputed in this cause that appellant was found in exclusive, recent possession of property that had been unlawfully *removed from the premises* of Ryder Truck Lines of Dallas between December 11th and December 22nd. The property had been consigned by Sue Ann, Inc., to Ryder for shipment to Magic Valley Development, Inc., located in Henderson, Tennessee, and The Fashion Shop, located in Fayetteville, Tennessee. Evidence which came from Ryder's business records reflects that the boxes of merchandise of which appellant was found in possession on December 22nd had been loaded inside of a Ryder Truck Lines' trailer sometime between December 11, 1979, and December 22, 1979, at 12:30 o'clock a.m., when the trailer was "sealed." There is no evidence, however, either direct or circumstantial, that would allow anyone to infer or conclude that when the trailer was "sealed" that the merchandise was then inside of the trailer. There is also no evidence, either direct or circumstantial, that the "seal"

that was placed on the back of the trailer on December 22nd at 12:30 o'clock a.m. was ever broken or disturbed. The business records themselves reflect that between December 11th and December 22nd many persons had the lawful right to enter the inside of the trailer.

The record clearly reflects that the prosecution did not present any evidence, or attempt to present any evidence, that would have conclusively established the fact that once the merchandise was placed inside of the trailer it was never, for any reason or purpose, moved from where it was put or thereafter removed from inside of the trailer to the outside of the trailer.

Thus, the circumstantial evidence that was presented by the prosecution will not permit one to infer or conclude, as the court of appeals did, "that the property was taken from (the inside of) trailer number 83366 without authority." Nor does the evidence permit one to infer that the prosecution excluded, to a moral certainty, every reasonable hypothesis except the appellant's guilt.

Therefore, I must agree with appellant that "if in fact the items in question were stolen, then it is just as likely that they were stolen from outside the trailer in question rather than from inside of the trailer."

Furthermore, but just recently, in *Hardesty v. State*, 656 S.W.2d 73, 76–77 (Tex. Cr.App.1983), this Court stated the following: "If a defendant is found in possession of recently stolen property and at the time of arrest fails to make a reasonable explanation showing his honest acquisition of the property, the factfinder may draw an inference of guilt ... [but] is not forced to convict the defendant, the burden of proof is not shifted, and the State must still prove each element of the crime beyond a reasonable doubt. See 19 Tex.Jur.3d, Criminal Law Sec. 715, p. 416... [T]he deduction of guilt drawn from a defendant's recent and unexplained possession of stolen property is merely a circumstance of guilt and is not conclusive... Once the permissible inference arises, the sufficiency

of the evidence must still be examined according to applicable direct or circumstantial evidence standards of appellate review since the inference is not conclusive... Once the permissible inference arises, sufficiency of the evidence must still be examined ... since the inference is not conclusive." Also see *Sutherlin v. State*, 682 S.W.2d 546 (Tex.Cr.App.1984).

Because this was a circumstantial evidence case, in order to prove beyond a reasonable doubt that appellant burglarized Burge's vehicle, it was incumbent upon the prosecution to establish beyond a reasonable doubt that without the effective consent of Burge, *someone* broke into or entered his vehicle, or any part of it, with intent to commit any felony or theft. See footnote 1, supra. As noted, recent, unexplained possession of stolen property, in and of itself, is sufficient to sustain a conviction for burglary—if it is also established that a burglary occurred and that the property the defendant was found in possession of came from the burglarized premises. But if there is no evidence that a burglary has been committed, even though it is shown that without authority the defendant was in recent, unexplained possession of property, such, standing alone, in and of itself, is not sufficient to establish appellant's guilt of committing a burglary. Furthermore, in a circumstantial evidence case, if there is another, but just as reasonable, hypothesis than the defendant's guilt, it is incumbent upon the prosecution to exclude such to a moral certainty.

In this instance, the prosecution did not establish beyond a reasonable doubt that a burglary of Burge's vehicle ever occurred. It never established that the property found in appellant's possession was taken from "the (inside of) trailer number 83366 without authority." The prosecution never established beyond a reasonable doubt that the items appellant was found in possession of were removed from inside of the trailer in question in a burglarious or otherwise unauthorized manner.

Evidence from business records only establishes that the boxes of merchandise found in appellant's possession were loaded inside of the trailer sometime between December 11th and December 22nd, at 12:30 o'clock a.m., at which time the trailer was "sealed." There is also no evidence, either direct or circumstantial, that would have allowed the factfinder to draw the inference that when the trailer was "sealed" the boxes of merchandise were then inside of the trailer, and had remained inside of the trailer from the moment they were put inside of the trailer. It is just as reasonable to assume from the facts of this case that the boxes of merchandise were unlawfully taken from outside of the trailer as it is to assume that they were unlawfully removed from inside of the trailer.

I believe that all the prosecution has shown in this cause is the fact that without authority appellant was found in possession of the merchandise. The facts do not establish, either by direct or circumstantial evidence, a burglary of the trailer. Even if a burglary was proved, the prosecution did not exclude, to a moral certainty, every other reasonable hypothesis except that appellant committed the burglary, either individually or as a party.

I submit that from the facts the prosecution presented, no rational trier of fact could find beyond a reasonable doubt that the involved vehicle was burglarized, or, if it could so find beyond a reasonable doubt, I further submit that the evidence did not permit the jury to conclude or infer that the prosecution excluded, to a moral certainty, every other reasonable hypothesis except the appellant's guilt.

Appellant's petition for discretionary review should be granted, and not dismissed as having been improvidently granted. Therefore, I must respectfully dissent.