COURT OF APPEALS
















COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

JOHN ANTHONY CHAVEZ,                             )

                                                                              )                
No.  08-05-00371-CR

Appellant,                          )

                                                                              )                      Appeal from the

v.                                                                           )

                                                                              )     County
 Criminal Court of Appeals
#2

THE STATE OF TEXAS,                                     )

                                                                              )              
of Dallas County, Texas

Appellee.                           )

                                                                              )               
(TC# MA0460970-M)

                                                                              )

 

 

O
P I N I O N

 

John Anthony
Chavez appeals his conviction of driving while intoxicated.  Appellant pled nolo contendre and the
trial court sentenced him to 365 days=
confinement in the Dallas County Jail. 
The sentence was then probated to 24 months, and Appellant was fined
$1,500.  We affirm.

On October 8,
2004, Appellant was stopped by Officer Gilbert Arevalo about 12:55 a.m.  Officer Arevalo was on patrol and saw
Appellant speeding.  The radar unit in
Officer Arevalo=s vehicle
indicated Appellant was driving sixty-two miles per hour.  The speed limit in the area was forty-five
miles per hour.  Appellant was arrested
for driving while intoxicated. 
Subsequent to his arrest, Appellant filed a motion to suppress alleging
the initial detention by Officer Arevalo was made without reasonable suspicion.








At the motion to
suppress hearing, Officer Arevalo testified he received forty hours of
classroom training, which also included eight hours of hands on training in
using the radar unit.  The radar unit
used in Officer Arevalo=s
vehicle consisted of two antennas and an LED panel that displays the speed at
which the targeted vehicle is traveling. 
Every four hours, Officer Arevalo calibrates the radar unit with a
tuning fork to verify the unit is functioning properly.

On the night
Appellant was stopped, Officer Arevalo had calibrated his radar unit and was
operating the radar with his patrol car parked. 
He was facing eastbound and the radar was aimed towards westbound
vehicles on the Northwest Highway
.  According to the officer, the radar unit is
designed to shoot a radio beam and then clock the return pulse to measure the
speed of the biggest vehicle first, then as the cars come closer, the unit
focuses on the fastest vehicle.  The beam
reaches a maximum distance of about one thousand feet.  Officer Arevalo estimated Appellant=s distance was 250 feet.

In his first
issue, Appellant contends the trial court erred in allowing Officer Arevalo to
testify at the motion to suppress hearing regarding his speed because the State
did not establish the radar unit was scientifically reliable.  In his second issue, Appellant argues Officer
Arevalo lacked reasonable suspicion to initiate the stop because he did not
provide any evidence demonstrating Appellant=s
actual driving speed.  Because Appellant=s issues are related, we will address
them together.

Standard
of Review








We review a trial
court=s ruling
on a motion to suppress using the bifurcated standard of review articulated in Guzman
v. State, 955 S.W.2d 85, 88-9 (Tex.Crim.App. 1997).  See Carmouche v. State, 10 S.W.3d 323,
327 (Tex.Crim.App. 2000); Krug v. State, 86 S.W.3d 764, 765
(Tex.App.--El Paso 2002, pet. ref=d).  We do not engage in our own factual review of
the trial court=s
decision because the trial judge is the sole trier of fact regarding
credibility and weight to be given to a witnesses testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex.Crim.App. 2000).  Almost total
deference is given to the trial court=s
ruling on questions of historical fact and application-of-law-to fact questions
that turn on an evaluation of credibility and demeanor.  Johnson v. State, 68 S.W.3d 644,
652-53 (Tex.Crim.App. 2002).  A trial
court=s rulings
on mixed questions of law and fact that do not turn on the credibility and
demeanor of witnesses are reviewed under the de novo standard.  Johnson, 68 S.W.3d at 652-53. 

When a trial court
fails to file findings of fact, such as in this case, we will view the evidence
in the light most favorable to the trial court=s
ruling.  Ross, 32 S.W.3d at
855.  As long as the trial court=s ruling is supported by the record, we
will assume the trial court made implicit findings of fact.  Id.  Furthermore, a court=s
ruling regarding a motion to suppress will be upheld if the decision made was
based on any correct theory of law applicable to the case.  Id.
at 856.

Reasonable
Suspicion

An officer=s temporary detention is lawful if the
stop was made based on reasonable suspicion. 
Ford v. State, 158 S.W.3d 488, 492 (Tex.Crim.App. 2005).  Reasonable suspicion exists if the officer
has specific articulable facts that when combined with rational inferences from
those facts, would lead him to reasonably conclude that a particular person
actually is, has been, or soon will be engaged in criminal activity.  Id.  Whether an officer has reasonable suspicion
to make an investigatory stop must be based on an objective standard and we
must take into consideration the totality of the circumstances.  Id.
at 492-93.








Officer Arevalo
testified Appellant=s speed
drew his attention to the vehicle and the radar unit indicated Appellant was
driving sixty-two miles per hour in a forty-five mile per hour zone.  A person commits a traffic offense if they
drive at a speed greater than is reasonable and prudent under the
circumstances.  Tex.Transp.Code Ann. '
545.351(a)(Vernon
1999).  Under the Texas Transportation
Code, a speed in excess of the limits established by Subsection (b) or under
another provision of this subchapter is prima facie evidence that the speed is
not reasonable and prudent and that the speed is unlawful.  Tex.Transp.Code
Ann. '
545.352(a)(Vernon
Supp. 2006).  In considering the totality
of circumstances and in viewing the evidence in the light most favorable to the
trial court=s ruling,
Officer Arevalo had articulable facts that Appellant had committed a traffic
violation.  Therefore, Appellant=s stop was based on reasonable
suspicion and the trial court did not err in denying the motion to
suppress.  See e.g., Perales v.
State, 117 S.W.3d 434, 438 (Tex.App.--Corpus Christi 2003, pet. ref=d)(officer=s
testimony during suppression hearing that defendant=s
car was seen traveling at a high rate of speed and use of radar confirmed
defendant was speeding, justified reasonableness for the traffic stop);
Elliott v. State, No. 03-00-00676-CR, 2001 WL 1231904 at *2
(Tex.App.--Austin Oct. 11, 2001, no pet.)(traffic violation standing alone is
sufficient to establish officer had reasonable suspicion to stop and detain a
defendant); Icke v. State, 36 S.W.3d 913, 916 (Tex.App.--Houston [1st
Dist.] 2001, pet. ref=d)(officer=s observation that a defendant was
speeding alone or with radar confirmation of defendant=s
speed will rise to the level of reasonable suspicion).








In addition,
Appellant also contends the trial court erred in denying his motion to suppress
because the State failed to present evidence regarding the scientific
reliability of the radar unit.  Appellant
argues that because the radar unit was not proven to be scientifically
reliable, Officer Arevalo=s
testimony regarding his speed was inadmissible. 
However, even if the radar reading is ultimately shown to be inaccurate
or false at the time of the stop, Officer Arevalo had developed a reasonable
suspicion Appellant was speeding.  Icke,
36 S.W.3d at 916 (a stop that meets the test for reasonable suspicion is lawful
even if the facts supporting the stop are ultimately shown to be inaccurate or
false); see also Kelly v. State, 721 S.W.2d 586, 587 (Tex.App.--Houston
[1st Dist.] 1986, no pet.), citing Williams v. State, 621 S.W.2d 613,
615 (Tex.Crim.App. 1981).  Therefore,
based on the totality of circumstances, Officer Arevalo was justified in making
the lawful stop because the radar reading indicated Appellant had exceeded the
posted speed limit.  We overrule Issues
One and Two and affirm the judgment of the trial court.

 

August
31, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)